16003

STATE v. GERMANY *ET AL.*

(44 S. E. (2d) 840)

*Messrs. J. A. Hutto* and *F. Ehrlich Thomson,* of Columbia, for Appellants,

*Mr. T. P. Taylor, Solicitor,* of Columbia, for Respondent,

*Messrs. J. A. Hutto* and *F. Ehrlich Thomson,* of Columbia, for Appellants, in reply,

November 1, 1947.

STUKES, J.: The appellants were convicted of assault and battery of a high and aggravated nature at the April, 1947, term of the Court of General Sessions for Richland County upon an indictment which charged upon the first count assault and battery with intent to kill and murder, and the second count charged conspiracy. They were acquitted upon the second count.

The appeal is upon exceptions which raise three questions, the last of which is whether the evidence was sufficient to warrant the conviction. There was no direct evidence of the use by the defendants of a weapon; but the circumstances were ample to sustain the inference that more was used than the fists of the assailants, and the opinion of the attending physician was that the facial wounds of the prosecutor could not have been caused by fists alone. The disablement and hospitalization were circumstances in themselves. In view of the necessity of a new trial by jury, who will be the arbiters of the facts, the evidence will not be further recounted. We think it was sufficient to justify the verdict found.

In further inverse order, we consider the second question presented by appellants. It imputes error in the charge with respect to the right of brother to defend brother from an assault and battery. We think that the jury could not have been misled to appellants' prejudice by the instruction on this subject, as urged by appellants. There is no need to quote the charge or cite authorities upon the point. There was no request for amplification of this, or any other, portion of the instructions. See *State v. White,* S. C., 44 S. E. (2d) 741.

The remaining question for consideration, the first in the order of their argument, presents the proposition that the court erred in defining to the jury the grades of assault and battery. The alleged error is contained in the following excerpt from the instructions: "You must decide from the testimony whether or not there were aggravating circumstances. As examples of aggravating circumstances may be mentioned the infliction of violent injury, and many other matters may be considered by the jury, in order to determine whether or not an assault and battery, if you find one was made, was under aggravating circumstances."

The word "violent" was apparently used inadvertently in place of the word "serious." Had the latter word (serious) been used instead, the instruction

would have been unobjectionable in this feature. A simple assault and battery may be said to be violent. Violence does not necessarily import serious injury. Our leading pertinent authority is *State v. Jones*, 133 S. C. 167, 130 S. E. 747, where simple assault and battery is defined as an unlawful act of violent injury unaccompanied by circumstances of aggravation; and in the definition of assault and battery of a high and aggravated nature infliction of serious bodily injury is referred to as a circumstance of aggravation. The instruction complained of departed from these definitions.

The charge has been considered as a whole, which is always necessary in order to determine whether there was prejudicial error, and we do not find that the mistake which has been mentioned was offset by other instructions. Under these circumstances it cannot be said with confidence that no prejudice resulted to appellants from the error. In this connection the State contends that the evidence conclusively established a higher degree of crime than simple assault and battery so that law relating to it need not have been charged, with which we do not agree. Such holding would, we think, involve invasion of the province of the jury under the facts adduced.

Reversed and remanded for new trial.

BAKER, CJ., and FISHBURNE, TAYLOR and OXNER, JJ., concur.