17081

THE STATE, Respondent, v. W. E. HARRELD, Appellant
(89 S. E. (2d) 879)

312

*R. E. Hanna, Esq.,* of Cheraw, *for Appellant.*

*Messrs. T. C. Callison, Attorney General,* of Columbia, and *Pope & Greene,* of Newberry, *for Respondent.*

November 3, 1955.

TAYLOR, Justice.

Appellant, W. E. Harreld, was convicted of violating Section 28-551 of the Code of Laws of South Carolina 1952, while fishing in Lake Murray in Newberry County. Trial was had before Magistrate Claude Wilson who found appellant guilty, but this conviction was set aside by Judge Steve C. Griffith, Judge of the Eighth Circuit upon the ground that the Magistrate had failed to make a proper record of the trial. Thereafter, appellant moved for a change of venue which was granted, and the case was transferred to Magistrate Harold Wise at Little Mountain, South Carolina, where trial was held on July 28, 1954. Appellant, being convicted for the second time, again appealed, and this appeal was heard by the Honorable J. Frank Eatmon, presiding Judge, who dismissed all exceptions; and he now appeals to this Court contending: (1) That the jury panel was improperly selected, and (2) that it was error to deny appellant's request that he be permitted to move for a new trial on after discovered evidence.

The pertinent portion of Section 28-551, Code of Laws of South Carolina 1952, entitled "Unlawful to fish with certain equipment without angler's license," provides:

"Except as otherwise expressly provided it shall be unlawful for any person to fish in fresh water of this State by use of a fly rod, casting rod, artificial bait or any manufactured tackle or equipment, other than ordinary hook and line, unless he has at first obtained an angler's license."

The record before us does not include the testimony ██ and the sufficiency of such is apparently not questioned. From the Order of the hearing Judge, it is apparent that no objection as to the qualifications of any of the jurors was interposed prior to the jurors being empaneled as required by Section 38-203 of the Code of Laws of South Carolina 1952; neither was there any objection made before the returning of the verdict nor any showing made that appellant was in anywise injured thereby as required by Section 38-214 of the Code. Appellant will not be permitted to take his chances upon a favorable verdict, and in case of disappointment, have the verdict set aside upon a technicality, *State v. Johnson,* 66 S. C. 23, 44 S. E. 58.

At the time of the hearing before the Circuit Court ██ for the purpose of settling the case for appeal to this Court, appellant moved for permission to move for a new trial on the ground of newly discovered evidence.

" * * * under the law of this State governing the granting of new trials upon the ground of newly discovered evidence, the moving party must establish to the satisfaction of the Court before which the motion is made at least three facts: (1) That the proposed new evidence was discovered after the former trial. (2) That it could not by the use of due diligence have been discovered in time to have been offered at the former trial. (3) That it is material and would reasonably change the result." *Boykin v. Capehart,* 205 S. C. 276, 31 S. E. (2d) 506, 511, and cases cited therein.

It appears from appellant's brief that this position is based upon the contention that Mr. G. Herman Wise, a witness

for the State, was not a duly qualified game warden. The information as to whether or not Mr. Wise was a duly qualified game warden was available prior to and at the time of trial. By due diligence appellant could have discovered same before as well as after the trial. However, we fail to see wherein it is material to his testimony whether he was duly qualified or not as a game warden. The hearing Judge was therefore correct in denying the motion.

We are of the opinion that all exceptions should be dismissed, and it is so ordered.

Affirmed.

STUKES, OXNER and LEGGE, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.