18308

The STATE, Respondent, v. Bobby HOLLMAN, Appellant

(140 S. E. (2d) 597)

*Messrs. Yonts & Spence,* of Greenville, *for Appellant,*

*C. Victor Pyle, Esq., County Solicitor,* of Greenville, *for Respondent,*

February 24, 1965.

Moss, Justice.

The appellant, Bobby Hollman, was tried and convicted in the Greenville County Court, on November 21, 1963, under an indictment charging him with the offense of an assault and battery of a high and aggravated nature. Prior to the charge to the jury, the presiding Judge was requested by counsel for the appellant to charge as to simple assualt

and battery. Following his conviction, the appellant made a motion for a new trial on the ground that the presiding Judge committed error in failing to charge the law of simple assault and battery. The motion for a new trial was denied and this appeal followed.

The rule is well settled that an indictment for a higher offense will sustain a conviction for a lower offense included in the higher and a jury can find a defendant guilty of simple assault and battery under an indictment charging an assault and battery of a high and aggravated nature. It is not error, however, for a presiding Judge to refuse to submit the question of simple assault and battery to the jury under an indictment for an assault and battery of a high and aggravated nature, unless there is testimony tending to show that the defendant is only guilty of a simple assualt and battery. *State v. DuRant,* 87 S. C. 532, 70 S. E. 306; *State v. Knox,* 98 S. C. 114, 82 S. E. 278; *State v. Jones,* 133 S. C. 167, 130 S. E. 747; *State v. Howard,* 151 S. C. 150, 148 S. E. 701; *State v. Johnson,* 187 S. C. 439, 198 S. E. 1; *State v. Self,* 225 S. C. 267, 82 S. E. (2d) 63, and *State v. Shea,* 226 S. C. 501, 85 S. E. (2d) 858.

Assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, the great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, and others. *State v. Self,* 225 S. C. 267, 82 S. E. (2d) 63.

Simple assault and battery, as the term implies, is an unlawful act of violent injury to the person of another, unaccompanied by any circumstances of aggravation. *State v. Jones,* 133 S. C. 167, 130 S. E. 747, and *State v. Germany,* 211 S. C. 297, 44 S. E. (2d) 840.

Keeping in mind the foregoing principles of law, we examine the testimony contained in the record before us. Dorothy Lewers, the prosecuting witness, is a seventeen year old negro girl and, on May 4, 1963, she was riding in an automobile operated by Odell Brown, Jr., an eighteen-year-old negro boy. She testified that they were riding on a paved highway in Greenville County, near the town of Fountain Inn, and that they stopped at a little store on the side of said highway. When they left this store they were stopped by the appellant and he asked that they give his car a push because something was wrong with it. She testified that the car in which they were riding was turned around and they pushed the appellant's car off and got it started to running. Brown then turned the car he was driving around to continue his journey, and the appellant turned his car around and passed the car in which she was riding. The appellant stopped his car some distance in front of the car in which the prosecutrix was riding and at a signal from the appellant Brown stopped his car opposite the place in the road where the appellant was standing. The prosecutrix then testified that when they stopped the automobile she rolled down the glass on the side on which she was sitting and instead of the appellant talking through the window to her "he jerked the door open and jumped up on the seat and grabbed me around the neck with his left hand; and he had a knife in his right hand. And he told Odell to go on home, go on home Sonny, like that; and he was up on his knees on the seat." She further testified that Odell Brown, Jr., grabbed the right hand of the appellant in which he held the knife and while this was going on the appellant "jerked me out of the car; I fell out of the car on my back, and, I fell out, and Odell told me to run." She testified that she ran up a dirt road and yelled for Odell "to come on" and he started up the dirt road and as they were going up the road it seemed as though the appellant was coming towards them in his car. She further testified that they ran across a field to get away from him. The prosecutrix further testified that she got two cuts on her arm and got skinned on both of her elbows when she fell in the road. The

testimony of the prosecuting witness was corroborated by Odell Brown, Jr.

The appellant, a husky white male thirty-three years of age, testified that on the night in question he had been working at the Golden Strip Speedway. After he had completed his work he started home in his automobile but his car cut off and would not start. He admits that the car in which the prosecutrix and Odell Brown, Jr., were riding came by and he asked Brown to push his car. He says that Brown pushed his car almost to the top of the hill from the place where his car had stopped. He testified that at this point he got his car to running. He further testified that after he got his car started that he stopped it and Brown pulled up beside his car. He said he asked Brown what he owed him and Brown cursed him and told him that it would cost him $25.00. The appellant testified that he slapped Brown one time and got in his car and went home. He denied that he was guilty of the charge made against him, testifying that he never had any conversation with the prosecutrix nor did he put his hand on her or strike her with any object. We quote from the record the following:

"Q. Did you say anything to her?

"A. No, sir.

"Q. Did you at any time have any conversation with her?

"A. No, sir.

"Q. Did you at any time put your hand on her or any object on her?

"A. No, sir."

The State, under the testimony adduced by it, undoubtedly made out a case of assault and battery of a high and aggravated nature. The weapon claimed to have been used by the appellant was a knife. The wounds inflicted upon the prosecutrix, even if not serious, according to the State's testimony, were the result of an unwarranted attack by the appellant upon the prosecutrix. She was grabbed by appellant around the neck while he had a knife in his hand. She was jerked out of the car in which she was riding, falling on her

back in the road and somewhere in the process she was cut twice on her arm with an alleged knife. In addition to this the record shows that the assault and battery was made by a husky male upon a young woman.

Proof in this case, according to the evidence of the State, showed more than a simple assault and battery.

In this situation the question for the jury was whether the appellant was guilty of an assault and battery of a high and aggravated nature or whether he was entitled to an acquittal under his positive testimony denying that he hit or struck the prosecutrix. We find no evidence in the record on the part of the State or the appellant tending to show that he was only guilty of a simple assault and battery. In fact, the testimony is to the contrary. We think the presiding Judge was correct in not submitting to the jury the question of simple assault and battery.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.