18720

The STATE, Respondent, v. J. D. DeBERRY, Appellant
(157 S. E. (2d) 637)

316

*Russell Brown, Esq.,* of Charleston, *for Appellant,*

*Messrs. Arthur G. Howe, Solicitor,* and *A. Arthur Rosenblum* and *Robert B. Wallace, Assistant Solicitors,* all of Charleston, *for Respondent,*

**318**

October 30, 1967.

LITTLEJOHN, Justice.

The defendant, J. D. DeBerry, was indicted for, tried and convicted by a jury, of assault and battery of a high and aggravated nature upon Charleston County Patrolman, J. T. Brown, in August, 1966.

The defendant moved for a directed verdict at the end of the State's case, at the end of the entire case, and moved to set aside the verdict, or in the alternative, for a new trial after the verdict of the jury. All motions were overruled and sentence imposed.

Approximately three months later defendant moved for a new trial on the ground that women were systematically excluded from the grand jury and the petit jury which indicted and convicted him, in violation of the fourteenth amendment of the Constitution of the United States, which motion was also overruled.

By appropriate exceptions the defendant alleges error on the part of the lower court in failing to direct a verdict of acquittal as a matter of law, on the ground that the arrest was unlawful, and that the State failed to show an assault coupled with an unlawful act of violent injury upon the person of the police officer accompanied by circumstances of aggravation, and upon the ground that the verdict of the jury was against the weight of the evidence. In considering this question the evidence must be viewed in the light most favorable to the State. If there is any competent evidence which reasonably tends to prove facts in issue, the case must be submitted to the jury. *State v. Young,* 243 S. C. 187, 133 S. E. (2d) 210. There is evidence to create inferences as follows:

On the morning of July 3, 1966, at approximately 3 a. m., the defendant, who had been drinking, was stopped in his automobile by Patrolman Brown after a seven-mile chase at speeds estimated to be 100 miles per hour. The patrolman was driving an official police car clearly marked, and with a flashing blue light attached to the top, and was in full uniform with badge. Both drivers got out of their respective cars and recognized each other. The patrolman told the defendant two or three times to get in the patrol car and upon his failure to do so, said, "DeBerry, you are under arrest for reckless driving. Get in the car." The defendant did not submit to arrest, whereupon the patrolman took him by the arm. He became belligerent and the patrolman took out his night stick and again ordered him into the car, and told him if he did not he was going to have to use the night stick.

The defendant grabbed the patrolman's hand and began tussling for the night stick until both of them fell in a drainage ditch. While tussling, the defendant took the patrolman's revolver and held it upon him, cursing him and threatening to kill him and made him beg for his life.

The patrolman managed to give a coded call for help over the cruiser radio and the defendant fled the scene in his own car, carrying the patrolman's revolver with him. He was apprehended shortly thereafter by another law enforcement officer by means of a roadblock. The defendant submitted to arrest by the other officer and turned over to him the revolver he had taken from Patrolman Brown.

Patrolman Brown was taken to the County Emergency Room for a checkup for two bruises, one on his right arm and one to his right finger, described as "pretty bad." He was allowed two days off from duty because of the injuries and shock sustained.

Serious bodily harm to the prosecuting witness is not necessary to establish an assault and battery of a high and aggravated nature. Should a stranger on the street embrace a young lady, or a large man improperly

fondle a child, the assault and battery would be aggravated though no actual bodily harm was done. In like fashion, resistance to lawful arrest by constituted authority accompanied by an unlawful act against the person of a police officer becomes an assault and battery and may be of an aggravated nature though the officer suffers no actual bodily harm. See *State v. Hollman*, 232 S. C. 489, 102 S. E. (2d) 873.

The testimony most favorable to the defendant and given by him varies only slightly from that of the patrolman. He admitted that he was speeding and knew that he was under arrest. He contended, however, that he asked the officer why he was being arrested and received no answer. He also admitted taking the gun but denied pointing the same at the officer, saying he merely held the gun in his hand.

We think that the trial judge was correct in submitting the issue of assault and battery of a high and aggravated nature to the jury. A law enforcement officer is authorized to arrest a citizen for a misdemeanor such as speeding or reckless driving, committed in his presence. The defendant admitted in his own testimony that he was driving 60 to 65 miles per hour in a 35 mile zone and admitted that he was speeding. The patrolman testified that he told the defendant he was under arrest. It was his duty to submit, and upon failure to submit, the patrolman was justified in using as much force as was reasonably necessary to take him into custody. A citizen is not, of course, required to submit to an illegal arrest and may use as much force as is reasonably necessary to prevent an unlawful arrest.

The jury was charged on this point and it is implicit in the verdict that the jury accepted the law enforcement officer's version and found the arrest to be legal. In determining whether an assault and battery is of a high and aggravated nature all of the surrounding circumstances must be considered.

Defendant, in this appeal, challenges the correctness of the trial judge in refusing to charge the jury that they could find the defendant guilty of simple assault.

A simple assault and battery, as the term implies, is an unlawful act of violent injury to the person of another, unaccompanied by any circumstances of aggravation. *State v. Jones,* 133 S. C. 167, 130 S. E. 747, and *State v. Germany,* 211 S. C. 297, 44 S. E. (2d) 840.

The only reasonable inference to be drawn from the whole of the evidence in this case is that the acts charged against the defendant and found by the jury were under circumstances of aggravation and accordingly it was proper to refuse to charge simple assault and battery. The acts of the defendant constituted either an assault and battery of a high and aggravated nature or nothing. In making the determination that simple assault and battery was not involved we have viewed the evidence in the light most favorable to the defendant. If the officer was acting properly and the arrest was lawful, which issue was sub-. mitted to the jury, the acts of the defendant made out all of the elements of aggravated assault because there was a resistance to lawful authority and the use of a deadly weapon, whether it was actually pointed at the prosecuting witness or merely held in a threatening manner.

The defendant contends in his exception number 8 that the trial judge erred when he instructed the jury, in response to a direct question by the foreman, that a police officer did not have to tell a private citizen the ground for his arrest unless asked. At the defendant's request, the judge charged Section 17-255 of the South Carolina Code of Laws, which states that every person arrested has a right to know from the officer who makes the arrest the ground on which the arrest was made. The patrolman testified that he did tell him that he was arresting him for reckless driving and in addition, the defendant admitted that he was speeding and admitted that he knew he was under arrest. There can be no prejudice from the judge's handling of this issue.

The defendant contends by exceptions 11 and 12 that the trial judge erred in refusing, three months after the conviction, to grant a new trial because

women were systematically excluded from the grand and petit jury. The defendant and his attorney were from the beginning of the trial aware of the fact that women had always been excluded by the State Constitution from grand jury and petit jury service in this State. Having failed to raise this issue at the proper time, the defendant is deemed to have waived any objection to the composition of both juries. *State v. Hann,* 196 S. C. 211, 12 S. E. (2d) 720. It is well settled in this matter that a party to litigation cannot proceed to trial with knowledge of alleged defects in the composition of petit juries with the hope of preserving these alleged defects in the event of an unfavorable result. If known defects are not raised at the proper time, they are deemed waived. *State v. Harreld,* 228 S. C. 311, 89 S. E. (2d) 879.

By appropriate exceptions the defendant contends that the conduct of the case by the trial judge violated his right to a fair and impartial trial. It is contended that the solicitor was permitted to ask a question using the word "fight" to describe the difficulty which took place between the defendant and the police officer. Counsel for the defendant characterizes the happening as "scuffling for the weapon." Considering the testimony both before and after the use of this word, we see no prejudice to the defendant.

Objection is further made that the trial judge admonished counsel to be brief and stop wasting the court's time. A trial judge is vested with a wide discretion in the conduct of a trial. He has the duty to see that the trial proceeds in an orderly fashion and should prevent unnecessary repetition, working to the end that the time of the court be preserved. We cannot say that the trial judge abused his discretion nor prejudiced the rights of the defendant in this case. See *State v. Chasteen,* 228 S. C. 88, 88 S. E. (2d) 880.

The remarks of the trial judge relative to other counsel in the case were made out of the presence of the jury. If the trial judge felt compelled to make

such remarks we think the same might more properly have been stated in chambers. Since this statement has not come to the attention of the jury, we hold the same without prejudice.

The exceptions are without merit and the lower court is therefore,

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.