19820

The STATE, Respondent, v. Harold CARPENTER, Appellant

(205 S. E. (2d) 141)

*Messrs. Sol. E. Abrams and Richard N. Tapp,* of *Abrams, Bowen, Hagins & Robertson,* Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* of Columbia, and *C. Victor Pyle, Sol.,* of

Greenville, *for Respondent,*

May 8, 1974.

Moss, Chief Justice:

Harold Carpenter, the appellant herein, and his brother Bennett Ray Carpenter, were tried in the Greenville County Court upon the charge of committing an assault and battery of a high and aggravated nature upon Ed Whitmire, a policeman in the Gantt District of Greenville County. The appellant was found guilty as charged while his brother was found not guilty. The appellant made a motion for a new trial and such was refused. He was thereafter sentenced to serve a term of eighteen months, suspended on the service of six months and three years probation. This appeal followed.

During the course of the trial the appellant requested the trial judge to charge the jury (1) that they could find him guilty of a simple assault and battery and (2) that the fist is not generally regarded as a deadly weapon in the infliction of bodily injury. These requests were refused and error is assigned for such refusal.

In *State v. Cunningham,* 253 S. C. 388, 171 S. E. (2d) 159, we said:

"The rule is well settled that an indictment for a higher offense will sustain a conviction for a lower offense included in the higher and a jury can find a defendant guilty of a simple assault and battery under an indictment charging an

assault and battery of a high and aggravated nature. It is not error, however, for a presiding judge to refuse to submit the question of simple assault and battery to the jury under an indictment for an assault and battery of a high and aggravated nature, unless there is testimony tending to show that the defendant is only guilty of a simple assault and battery. *State v. Hollman,* 245 S. C. 362, 140 S. E. (2d) 597.

"Assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, the great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, and others. *State v. Self,* 225 S. C. 267, 82 S. E. (2d) 63; *State v. Hollman,* 245 S. C. 362, 140 S. E. (2d) 597.

"A simple assault and battery, as the term implies, is an unlawful act of violent injury to the person of another, unaccompanied by any circumstances of aggravation. *State v. DeBerry,* 250 S. C. 314, 157 S. E. (2d) 637."

There is evidence that the appellant, accompanied by two companions, entered the White Horse Restaurant in Greenville at approximately 1 :00 a.m. on January 9, 1972. Shortly thereafter, a controversy arose between a waitress and the appellant as to whether or not he had brought liquor into the restaurant in a plastic glass. The waitress advised the appellant that he would have to either dispose of the liquor or leave the restaurant. The appellant then directed vulgar language toward the waitress. She advised Officer Ed Whitmire, who was present in the restaurant, dressed in full police uniform with a badge on his coat and a pistol in his holster at his side, of the disturbance being caused by the appellant. This officer advised the waitress to request

the appellant to leave the restaurant. After the waitress had advised the appellant to leave the restaurant and his failure so to do, she then enlisted the aid of Officer Whitmire, who told the appellant that he was not going to be served and to leave the premises. The appellant at that time directed vulgar language toward the officer and the waitress, whereupon the officer informed him that he was under arrest.

There is testimony on behalf of the State that the appellant resisted the attempted arrest and struck the officer with his fist several times about his face, eyes and head, inflicting serious injuries. Photographs introduced by the State, without objection, indicated the seriousness of injuries to the head and face which necessitated medical treatment.

The appellant's version of the incident here involved was as follows. He had been at the Cosmopolitan Club, and there had had two drinks from a plastic clear cup and, thereafter, went to the White Horse Restaurant carrying this cup. While in the restaurant a controversy arose with a waitress as to whether this cup contained liquor, because she advised him that a customer was not permitted to drink liquor there, and he explained that there had been liquor in the cup but it was now empty. He then asked another waitress to taste the contents in the cup, and she said there was nothing in the cup but water. He says that he did not know Ed Whitmire was in the restaurant or that he was a police officer. He says that while sitting at the counter some unknown person, without a word being said, shoved him from behind from the stool into the lap of his wife, and he then got up and "shoved back." At this point, the appellant was grabbed by his brother, Bennie, and the officer pulled his pistol out of his holster and said, "I'll blow your brains out." The appellant says he was going to turn and leave the restaurant but that the police officer started beating him in the head with his pistol, and at that time he said to his brother, "For God's sake turn me loose. Don't let this man beat me to death." When the appellant was turned loose by his brother, he then attacked and struck the officer

with his fist and did strike other blows while the two were fighting and scuffling. The appellant says that Whitmire never identified himself as being an officer or told him he was under arrest.

It is the position of the State, which is supported by evidence, that the appellant was guilty of an assault and battery of a high and aggravated nature, and there was no evidence that would warrant a conviction of simple assault and battery. The appellant's position is supported by testimony in his behalf that he acted in self-defense.

■ There can be no doubt here that the policeman received serious bodily harm as a result of being struck numerous times by the appellant. The only inference to be drawn from the whole of the evidence is that the acts charged against the appellant and found by the jury were under circumstances of aggravation, and, accordingly, it was proper to refuse to charge simple assault and battery. We agree with the statement of the trial judge that if the jury believed the testimony of the appellant, he was entitled to an absolute acquittal by reason of his plea of self-defense. If, on the other hand, they did not believe the evidence in behalf of the appellant he was guilty of an assault and battery of a high and aggravated nature. If the officer was acting properly and the arrest was lawful, which issue was submitted to the jury by the trial judge, the acts of the appellant made out all of the elements of an aggravated assault and battery because the officer received serious bodily injury as a result of the appellant's resistance to lawful arrest by constituted authority. It is our conclusion that the trial judge committed no error in refusing the requested charge as to simple assault and battery because there is no testimony tending to show that he was only guilty of such.

■ The only other question argued by the appellant is that the trial judge erred in refusing his request to charge the jury that the fist is not generally regarded as a deadly weapon in the infliction of bodily injury.

In the case of *State v. Dalby,* 86 S. C. 367, 68 S. E. 633, this Court said:

"* * * it is only necessary to say that it is not the law that an assault and battery must be made with or accompanied by the use of a deadly weapon to make it an assault and battery of a high and aggravated nature. This offense may be committed in many ways, unaccompanied by the use of a deadly weapon."

Under the authority of the cited case, as applied to the facts of this case, there was no error on the part of the trial judge in refusing the requested charge.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.

BUSSEY, J., dissents.

BUSSEY, Justice (dissenting) :

I think there was prejudicial error in the trial of this case and feel compelled to dissent. On the sharply conflicting evidence in this case, the jury could have well concluded that the defendant was not without fault in bringing on the difficulty and for that reason not entitled to prevail upon his plea of self-defense, but nevertheless found that he was guilty of simple assault and battery only. It follows that His Honor should have submitted to the jury the issue of guilt of the lesser offense.

The record contains abundant evidence to support a conviction of assault and battery of a high and aggravated nature, but as I view it the evidence is conflicting as to each circumstance relied upon by the State to prove the assault was an aggravated one. If I understand the majority opinion correctly, the main basis or predicate thereof is the conclusion that the evidence conclusively establishes that the defendant inflicted "serious bodily harm" upon the officer. At least inferentially the officer received minor first

aid treatment at the hospital immediately following the altercation. The record contains no evidence of any disability on his part or any further medical treatment. The only evidence of substance throwing any real light upon the nature or seriousness of his injuries was the photographs; these reflect black eyes, four or five relatively minor lacerations, bruises or abrasions about the face and head and some, but not extensive, bleeding. In brief, I think the photographs reflect quite painful but not necessarily serious injuries.

The defendant admittedly struck more than one blow with only his fist. There is evidence, however, from the State's witnesses, including Officer Whitmire himself, that in the course of the melee he was struck blows by several patrons of the restaurant other than the defendant. At least one reasonable inference from the evidence is that the patrons were motivated to action by what they considered brutal and improper conduct on the part of the officer. In any event, even from the State's evidence, it is clearly inferable that not all of Officer Whitmire's injuries were inflicted by the defendant.

As far as I have been able to ascertain this Court has never had occasion to attempt to define with anything like precision what constitutes "serious bodily injury", which alone would render an otherwise simple assault one of a high and aggravated nature. Reference to Vol. 38A, p. 450, Words and Phrases "Serious Bodily Harm or Injury" shows that a number of jurisdictions have had occasion to consider the term "serious bodily injury" in this connection, and it appears that the most common definition of the term is that such means a grave, not trivial, injury; "such an injury as gives rise to apprehension of danger to life, health, or limb." While no doubt quite painful, there is nothing in the record here to show that the injuries sustained by Whitmire were of any more than temporary duration without any real apprehension of danger to his life, health or limbs.

In conclusion, I most respectfully submit that we are not warranted in holding that the evidence conclusively establishes that the defendant inflicted serious bodily injury upon the officer. Under the circumstances of this case, I think that at the most, the State's evidence created a jury issue as to whether the officer sustained "serious bodily injury", and even assuming that he did, it was clearly a jury issue as to just who, or who all, inflicted such injury upon him. It, of course, follows naturally that the question of simple assault should have been submitted to the jury.