20524

The STATE, Respondent, v. David FOXWORTH, Appellant.

(238 S. E. (2d) 172)

*W. Gaston Fairey,* of Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes* and *Robert N. Wells, Jr., Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

October 6, 1977.

GREGORY, Justice:

Appellant was convicted by a jury of assault and battery of a high and aggravated nature and was sentenced to nine years imprisonment. Error is assigned to the trial judge's refusal to charge the lesser included offense of simple assault and battery and his failure to grant appellant's motion for a directed verdict. We affirm.

On the morning of September 9, 1976, Ms. Judy Simons was waiting in her parked car to pick up her maid when she

noticed a man approaching her car. The man reached into the car from the driver's side through the open window, grabbed Ms. Simons' left arm, and thrust a pistol into her ribs. When Ms. Simons jerked to the right, her foot slipped off the brake and her car rolled down the incline on which it was parked. The assailant fled.

Ms. Simons notified the Columbia Police Department and gave a detailed description of her assailant. A short time later, appellant was arrested approximately one and a half blocks from the scene of the assault. Appellant was not in possession of a pistol at the time of his arrest and was positively identified by Ms. Simons.

At trial appellant presented no defense.

On appeal appellant contends the lower court erred by refusing to charge the lesser included offense of simple assault and battery.

In *State v. Cunningham*, 253 S. C. 388, 171 S. E. (2d) 159 (1969), we stated:

The rule is well settled that an indictment for a higher offense will sustain a conviction for a lower offense included in the higher and a jury can find a defendant guilty of a simple assault and battery under an indictment charging an assault and battery of a high and aggravated . . . nature, unless there is testimony tending to show that the defendant is only guilty of a simple assault and battery. *State v. Holl-man*, 245 S. C. 362, 140 S. E. (2d) 597.

Assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another accompanied by circumstances of aggravation, such as the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, the great disparity between the ages and physical conditions of the parties, a difference in the sexes, indecent liberties or familiarities with a female, the purposeful infliction of shame and disgrace, resistance of lawful authority, and others. *State v. Self*, 225 S. C. 267,

82 S. E. (2d) 63; *State v. Hollman,* 245 S. C. 362, 140 S. E. (2d) 597.

A simple assault and battery, as the term implies, is an unlawful act of violent injury to the person of another, unaccompanied by any circumstances of aggravation. *State v. DeBerry,* 250 S. C. 314, 157 S. E. (2d) 637.

All the evidence introduced and admitted at trial pointed to the assailant's guilt of assault and battery of a high and aggravated nature. Based on the uncontradicted testimony that Ms. Simons was attacked by an armed assailant, the jury could only find appellant guilty of assault and battery of a high and aggravated nature or not guilty. Thus, the trial judge properly refused to charge simple assault and battery since there was no evidence tending to show assailant was only guilty of the lesser included offense. *State v. Carpenter,* 262 S. C. 401, 205 S. E. (2d) 141 (1974).

The possibility that the jury might have disbelieved the State's evidence as to the circumstances of aggravation and on the remaining evidence found appellant guilty of the lesser offense of simple assault and battery will not entitle him to have the lesser offense submitted to the jury. As stated in *State v. Funchess,* 267 S. C. 427, 229 S. E. (2d) 331 (1976):

. [T]he presence of evidence to sustain the crime of a lesser degree determines whether it should be submitted to the jury and the mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice.

Unless there is evidence tending to show that a defendant is only guilty of a lesser included offense, it is not error for the trial judge to refuse to submit the lesser offense, *State v. Funchess, supra.*

Appellant also contends the lower court erred by failing to grant his motion for a directed verdict since there was no evidence showing any violent injury to

the person of Ms. Simons. Both assault and battery of a high and aggravated nature and simple assault and battery require as an element of the offense that a violent injury be done to the person of the victim.

We have stated before that actual bodily harm to the prosecuting witness is not necessary to establish an assault and battery of a high and aggravated nature. *State v. DeBerry,* 250 S. C. 314, 157 S. E. (2d) 637 (1967) cert. denied, 391 U. S. 953, 88 S. Ct. 1857, 20 L. Ed. (2d) 867. Here, the testimony that appellant, a total stranger to Ms. Simons, reached into Ms. Simons' car, grabbed her by her arm and thrust a pistol into her ribs clearly shows the commission of a violent injury to the person of Ms. Simons under circumstances of aggravation.

Where there is any evidence tending to establish guilt on the charge alleged, a refusal to direct a verdict of acquittal is not an error of law. *State v. Pauling,* 264 S. C. 275, 214 S. E. (2d) 326 (1975).

Affirmed.

Lewis, C. J., and Littlejohn, Ness and Rhodes, JJ., concur.