1760

The STATE, Respondent v. Tommy SMALL, Appellant.

(413 S.E. (2d) 870)

Court of Appeals

*Patrick H. Nance,* of *Nance & Nance,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Dec. 4, 1991.

Decided Jan. 27, 1992.

*Per Curiam:*

A jury found Tommy Small guilty of assault and battery of a high and aggravated nature. The court sentenced him to six years imprisonment, suspended on the service of three years. Small appeals, claiming the trial judge erred in refusing to charge the lesser included offense of simple assault and battery. We affirm.

Simple assault and battery is an unlawful act of violent injury to another person unaccompanied by any circumstance of aggravation. *State v. Jones,* 133 S.C. 167, 130 S.E. 747 (1925). Assault and battery of a high and aggravated nature is the unlawful act of violent injury to another accompanied by circumstances of aggravation such as the infliction of serious bodily injury, great disparity in the physical conditions of the parties, and the purposeful infliction of shame and disgrace. *Id.*

Evidence produced by the State shows that Small weighed 235 pounds and the victim weighed 150 pounds. Following an encounter on the road, Small followed the victim into a store where they exchanged words. Small hit the victim causing him to fall to the floor. The victim sustained a laceration to the back of his head and a blood clot and hemorrhage of the brain. He was in the hospital ten days,

accumulating a bill of about $8,500. The victim was out of work six weeks and was left without a sense of smell, making particularly dangerous his work in numerous chemical plants. Additionally, the victim suffers occasional headaches.

Due process requires that a lesser included offense be  charged when the evidence warrants it but only if the evidence would permit a jury rationally to find the defendant guilty of the lesser offense. *Hopper v. Evans*, 456 U.S. 605, 102 S. Ct. 2049, 72 L. Ed. (2d) 367 (1982). In order to justify a charge of a lesser included offense, the evidence must be capable of sustaining either the greater or the lesser offense, depending on the jury's view of the facts.

The evidence here does not warrant the charge of the lesser offense of simple assault. Small was guilty of assault and battery of a high and aggravated nature or not guilty. Accordingly, there is no merit to his claim that the court erred in refusing to give the requested charge.

Affirmed.