2348

The STATE, Respondent v. Marvlin DEAL, Appellant.

(459 S.E. (2d) 93)

Court of Appeals

*Asst. Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. Rakale B. Smith,* and *Staff Atty. G. Thomas Chase,* Columbia, and *Sol. W. Townes Jones, IV,* Greenwood, *for respondent.*

Heard May 2, 1995.

Decided May 30, 1995.

HOWELL, Chief Judge:

Marvlin Deal appeals from his convictions for criminal sexual conduct in the second degree and exposing another to the human immunodefiency virus (HIV). We affirm.

In a single indictment, Deal was charged with criminal sexual conduct in the first degree, criminal sexual conduct in the

second degree, assault with intent to commit criminal sexual conduct, assault and battery of a high and aggravated nature, and exposing another to the HIV virus. The charges arose from an encounter between Deal and his eighteen-year-old stepdaughter (Victim).

From July 1992 through August 1993, the Victim lived with her mother and Deal. On the night of August 12, 1993, the Victim went with Deal in his car to pick up her mother from work. According to the Victim, Deal pulled the car off the road, claiming it had broken down. After they got out of the car, Deal grabbed the Victim and handcuffed her. Although the Victim struggled against him, Deal forced her back into the car. He pulled a condom from his pocket, unwrapped it, placed it against her face, and asked her if she wanted him to use it. Deal penetrated the Victim, but she did not know whether he used the condom. Deal told the Victim that her boyfriend would not love her anymore, because he had AIDS. When the Victim told Deal she would get away from him, he pulled a gun from under the car seat.

At some point during the struggle, the Victim managed to remove the handcuffs and push Deal away. She remained in the car, and they drove to the house of the girlfriend of Deal's brother to pick up his brother. The three then drove to the store where the Victim's mother was working. While they were waiting for her mother, the Victim told Deal she was thirsty, and Deal drove her to a grocery store across the street to get a drink. The Victim went inside the grocery store and asked a cashier if she could use the phone. Another employee showed her to a phone. The employee called the police after the Victim told him that she had been handcuffed and raped. Both employees described the Victim as looking very upset and as if she had been crying.

Deal painted a completely different picture of the encounter. According to Deal, he and the Victim engaged in consensual intercourse after the Victim made advances toward him. He acknowledged that there were toy handcuffs in the car, but denied using them on the Victim. He also denied threatening the Victim with a gun. Deal testified he felt very guilty after the encounter and told the Victim it would never happen again. He also told the Victim she could no longer live with Deal and her mother.

Medical and police testimony established the Victim had scratches and abrasions on her wrists that were consistent with use of handcuffs, and that her mouth and lips were swollen. A medical examination, however, revealed no tears or abrasions to the vaginal area, and no semen was found on the Victim or her clothing.

On appeal, Deal raises only one issue. He argues the trial court erred in denying his motion to sever the HIV charge from the criminal sexual conduct and assault charges. He contends that, because of the public's fear and misunderstanding of the HIV virus, trying the HIV charge with the other charges was unduly prejudicial. We disagree.

Distinct offenses may be charged in separate counts of the same indictment. *State v. Whitener*, 228 S.C. 244, 89 S.E. (2d) 701 (1955). Separate offenses may be joined and tried together if the offenses arise out of a single chain of circumstances, are proved by the same evidence, and are of the same general nature, and if no real right of the defendant will be jeopardized by trying the offenses together. *City of Greenville v. Chapman*, 210 S.C. 157, 41 S.E. (2d) 865 (1947); *State v. Middleton*, 288 S.C. 21, 339 S.E. (2d) 692 (1986). A motion for severance is addressed to the sound discretion of the trial court, and the trial court's decision will not be disturbed absent an abuse of that discretion. *State v. Thompson*, 279 S.C. 405, 308 S.E. (2d) 364 (1983).

There is no doubt that the crimes charged in the indictment arose from a single chain of circumstances, are proved in large part by the same evidence, and are of the same general nature. Moreover, no real right of Deal's was jeopardized by trying the charges together.

Deal conceded a sexual encounter occurred; however, he contended the encounter was consensual. The Victim knew for approximately a year before the incident that Deal was HIV positive. Given the Victim's knowledge, Deal's HIV status would have been relevant to the issue of consent, and therefore would have been admissible in a trial on the assault and criminal sexual conduct charges.[1] *See State v. Schmidt,*

---

[1] In *Scroggins v. State*, 198 Ga. App. 29, 401 S.E. (2d) 13, 20 (1990), *cert. denied* (Jan. 7, 1991), the court found a jury could reasonably conclude that a bite from a person who was HIV positive was a deadly weapon. Thus, a sexual battery committed by a person infected with the HIV virus arguably

288 S.C. 301, 342 S.E. (2d) 401 (1986) (evidence is relevant if it tends to establish or make more or less probable some matter in issue upon which it directly or indirectly bears).

Likewise, evidence that Deal is HIV positive would have been admissible in connection with the charge of assault and battery of a high and aggravated nature. "Assault and battery of a high and aggravated nature is an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation, such as . . . the purposeful infliction of shame and disgrace." *State v. Hollman*, 245 S.C. 362, 140 S.E. (2d) 597 (1965). According to the Victim, Deal told her during the attack that her boyfriend "wasn't going to love [her] no more, because he has AIDS." This statement tends to show that Deal attacked the Victim intending to give her AIDS and hoping to destroy her relationship with her boyfriend. Thus, Deal's HIV status would have been admissible to establish that the assault was accompanied by aggravating circumstances.

Deal, however, contends that, in a separate trial of the criminal sexual conduct or assault charges, his HIV status would be excluded under *State v. Alexander*, 303 S.C. 377, 401 S.E. (2d) 146 (1991). In *Alexander*, our Supreme Court expressly adopted the federal rule that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* at 382, 401 S.E. (2d) at 149. Here, Deal's HIV status is highly relevant to the issue of consent, and the probative value of the evidence outweighs the danger of any prejudice. While the public may misunderstand AIDS and the HIV virus, this general and often irrational fear would not, in this particular case, require the suppression of evidence that goes to the very heart of Deal's consent defense. We therefore find that the rule stated in *Alexander* would not prohibit the introduction of evidence that Deal was HIV positive.

Because evidence of Deal's HIV status would have been ad-

amounts to criminal sexual conduct in the first degree. *See* S.C. Code Ann. § 16-3-652 (criminal sexual conduct in the first degree occurs when the actor uses aggravated force to accomplish sexual battery) and S.C. Code Ann. § 16-3-651(c) ("aggravated force" includes the threat of the use of a deadly weapon). However, the State does not make this argument, and we decline to consider the issue in this case.

missible had the charges against him been separately tried, the trial court did not err in denying Deal's severance motion. Accordingly, the decision of the trial court is hereby

Affirmed.

GOOLSBY, J., and HOWARD, A.J., concur.