**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Crystal Nicole Thomas, Appellant.

Appellate Case No. 2012-212561

Appeal From Chester County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2014-UP-085
Submitted December 1, 2013 – Filed March 5, 2014

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Christina J. Catoe, both of Columbia,
for Respondent.

**PER CURIAM:** Crystal Nicole Thomas appeals her conviction of second-degree assault and battery, arguing the trial court erred in (1) denying her directed verdict motion and (2) admitting a police officer's testimony that immediately after

Thomas had bitten him, she said she had AIDS.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in denying Thomas's directed verdict motion: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) ("In reviewing a denial of directed verdict, issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review."); *id.* ("A defendant cannot argue on appeal an issue in support of his directed verdict motion when the issue was not presented to the trial court below.").

2.  As to whether the trial court erred in admitting a police officer's testimony that immediately after Thomas had bitten him, she said she had AIDS:  *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Gilmore*, 396 S.C. 72, 82-84, 719 S.E.2d 688, 693-94 (Ct. App. 2011) (holding the defendant's statement to the alleged rape victim that he had killed before and could kill her too was admissible to show intent); *State v. Deal*, 319 S.C. 49, 53, 459 S.E.2d 93, 95-96 (Ct. App. 1995) (holding the probative value of the defendant's HIV status outweighed the danger of unfair prejudice because consent was the heart of the defense).

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.