**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kendrick Littlejohn, Appellant.

Appellate Case No. 2011-192126

_____

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

_____

Unpublished Opinion No. 2014-UP-118
Heard February 5, 2014 – Filed March 19, 2014

_____

**AFFIRMED**

_____

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

_____

**PER CURIAM:** Kendrick Littlejohn appeals his convictions for assault and battery with intent to kill (ABWIK) and second-degree lynching. We affirm.

1.     The circuit court did not err in denying Littlejohn's directed verdict motion on second-degree lynching.  The State presented substantial circumstantial evidence Littlejohn possessed the premeditated intent to harm Agent Matthew Morlan.  *See State v. Gilliland*, 402 S.C. 389, 397, 741 S.E.2d 521, 525 (Ct. App. 2012) ("An appellate court reviews the denial of a directed verdict by viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State."); *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [an appellate court] must find the case was properly submitted to the jury.").  The record shows Littlejohn asked Agent Morlan to come to where the other attackers were gathered, the assailants formed a semi-circle or "half-moon" around Agent Morlan, no evidence of an argument or confrontation between the parties suggest a provoked, spontaneous outburst of violence, and a distracting presence appeared at Morlan's partner's window in the seconds just prior to the assault.  Taken together, these acts constitute substantial circumstantial evidence sufficient to overcome Littlejohn's directed verdict motion.

2.     The admission of Agent Shawn Stallo's testimony he "felt like [he] was being distracted," was not erroneous.  *See State v. Vang*, 353 S.C. 78, 83-84, 577 S.E.2d 225, 227 (Ct. App. 2003) ("The admission or rejection of testimony is within the sound discretion of the trial judge and will not be overturned absent a showing of abuse of discretion, legal error, and prejudice to the appellant."); *State v. Williams*, 321 S.C. 455, 464, 469 S.E.2d 49, 54 (1996) ("Some statements are not mere opinions but are impressions drawn from collected observed facts."); *id.* ("A natural inference based on stated facts is not opinion evidence."); *id.* ("Where the distinction between fact and opinion are blurred, it is often best to leave the matter to the discretion of the trial judge.").

3.     We affirm the circuit court's refusal to charge the jury on simple assault and battery, because the evidence presented did not support such a charge.  *See State v. Knoten*, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001) ("The law to be charged must be determined from the evidence presented at trial."); *State v. Drayton*, 293 S.C. 417, 428, 361 S.E.2d 329, 335 (1987) ("A trial judge is required to charge the jury on a lesser[-]included offense if there is evidence from which it could be inferred the lesser, rather than the greater, offense was committed.").  Dr. Troy Mitchell's undisputed testimony established Agent Morlan suffered a complex concussion.  Furthermore, our jurisprudence holds injuries of the type suffered by Agent Morlan constitute "serious bodily injury" as a matter of law.  *See State v.*

*Carpenter*, 262 S.C. 401, 405-06, 205 S.E.2d 141, 142-43 (1974) (finding "there [could] be no doubt here that the [victim] received serious bodily harm as a result of being struck numerous times by the [attacker]" and the victim was struck "several times about his face, eyes and head, inflicting serious injuries," which "necessitated medical treatment").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**