20518

The STATE, Respondent, v. Michael SCOTT, Appellant.

(237 S. E. (2d) 886)

*David I. Bruck,* of Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Brian P. Gibbes, Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

September 22, 1977.

LEWIS, Chief Justice:

Appellant was convicted of attempted armed robbery and assault and battery with intent to kill, receiving consecutive sentences totalling twenty-six (26) years. He now appeals from his conviction and sentence because of alleged trial errors and also from a subsequent denial of a motion in arrest of judgment of the conviction for attempted armed robbery. We find no reversible error and affirm.

Appellant first challenges the jurisdiction of the trial court to try the charge of attempted armed robbery because (1) a requested preliminary hearing on this charge was not held and (2) no indictment for attempted armed robbery was ever returned by the grand jury.

The contention that a preliminary hearing had been timely requested and denied arises out of the following facts set forth in the statement of the case:

On the evening of August 11, 1976, a young woman named Laura Murphey was struck on the head with an iron bar while she walked to her car in the parking lot of the Richland Memorial Hospital in Columbia. The appellant,

Michael Scott, was arrested on the scene, and charged in an arrest warrant with the crimes of attempted armed robbery and assault and battery with intent to kill. Scott was committed to the Richland County jail in lieu of $3,500 bond, and thereafter made a timely request for preliminary hearings as to both charges alleged in the arrest warrant.

These hearings were scheduled to be heard on September 8, 1976, in the Columbia Municipal Court. However, the charge of attempted armed robbery was nolle prossed by the City Attorney immediately prior to the commencement of the hearing, and accordingly a preliminary hearing was held only as to the charge of assault and battery with intent to kill. The only witness to testify at the hearing was an eyewitness to the assault on Miss Murphey, and no mention was made of any alleged robbery attempt. The charge of assault and battery with intent to kill was bound over, and the original arrest warrant was forwarded to General Sessions Court with a notation that only the assault charge had been heard. Despite the dropping of the attempted armed robbery charge, Scott's bond was not reduced, and he remained in jail under $3,500 bond until his trial.

During the week preceding appellant's indictment and trial, the Solicitor furnished appellant's counsel with a docket list indicating that appellant would be indicted and brought to trial for assault and battery with intent to kill. However, counsel was advised late in the week that the Solicitor would also seek an indictment for attempted armed robbery.

Appellant's case was called for trial on both charges before the Court of General Sessions for Richland County on Monday, November 15, 1976, the Honorable James H. Price, Jr., presiding. After appellant's motions to quash the indictment alleging attempted armed robbery or to continue the armed robbery case were denied, the case proceeded to trial before a jury.

Appellant argues that, under the provisions of Section 22-5-320 of the 1976 Code, the trial court was without juris-

diction to try the charge of attempted armed robbery since the timely request for a preliminary hearing on that charge had not been granted. After a warrant has been issued, Section 22-5-320 requires that a preliminary hearing be granted and held upon a demand in writing of the defendant made at least ten days before the convening of the next Court of General Sessions. The statute further provides:

When such a hearing has been so demanded the case shall not be transmitted to the court of general sessions or submitted to the grand jury until the preliminary hearing shall have been had, the magistrate to retain jurisdiction and the court of general sessions not to acquire jurisdiction until after such preliminary hearing.

As the agreed statement shows, the City Attorney entered a nolle prosequi of the charge of attempted armed robbery immediately before the commencement of the preliminary hearing and proceeded only on the charge of assault and battery with intent to kill. The parties agree that the City Attorney had the authority to enter the nolle prosequi and that question is not involved. The City Recorder found a probable case of assault and battery and forwarded the original arrest warrant to the General Sessions Court with the notation that only the assault and battery charge was involved in the preliminary hearing. The position of appellant is that, since he made a timely request for a preliminary as to both the charge of assault and battery and the charge of attempted armed robbery and no preliminary hearing was held on the charge of attempted armed robbery, the court acquired no jurisdiction of the latter offense because jurisdiction remained in the Recorder's Court, under Code Section 22-5-320, until the requested hearing was held. Appellant contends that the nolle prosequi of the attempted armed robbery charge by the City Recorder did not extinguish his right to a preliminary hearing granted by the statute, arguing that "any reinstatement of the identical charge, absent a withdrawal of his request for a preliminary hearing, had to occur in the magistrate's (recorder's) court."

The fallacy in the foregoing argument of appellant lies in the fact that the nolle prosequi of the charge before the magistrate or recorder was not a final determination of the charge and did not bar a subsequent prosecution through indictment by the grand jury. *State v. Gaskins,* 263 S. C. 343, 210 S. E. (2d) 590; *State v. Messervey,* 105 S. C. 254, 89 S. E. 662.

The indictment procedure used to reinstate the charge of attempted armed robbery is identical to the procedure which may be used in the situation where a magistrate has discharged a defendant pursuant to Code Section 22-5-320.

As stated by Judge Hemphill in *Williams v. State of South Carolina,* D. C., 237 F. Supp. 360, 370:

Under South Carolina Law, Section 43-231, 1962 Code, (now Section 22-5-320, 1976 Code), a magistrate may discharge a defendant. This obviously means discharge from custody, since a magistrate does not have jurisdiction to acquit a defendant charged with murder.

The defendant may be indicted and tried without regard to the finding of the hearing magistrate at a preliminary hearing. Indeed, a crime may be charged initially by indictment, in which case there is no right to a preliminary hearing at all. *State v. Nesmith,* 213 S. C. 60, 66, 48 S. E. (2d) 595.

*Accord, State v. Sanders,* 251 S. C. 431, 163 S. E. (2d) 220.

We, therefore, hold that Section 22-5-320 did not deprive the General Sessions Court of jurisdiction in this case, where a nolle prosequi was entered subsequent to the demand for a preliminary hearing and the charge was later reinstated through indictment by the grand jury. The indictment by the grand jury for attempted armed robbery was, in effect, an initial prosecution under which the defendant had no right to a preliminary hearing.

Neither is there merit in appellant's contention that the reinstatement of the charge of attempted armed robbery deprived him of due process of law. Appel-

lant's counsel was familiar with the circumstances relating to the robbery charge and was aware three or four days before appellant's trial that the State would seek an indictment for that offense. The record fails to sustain appellant's claim of surprise or that the procedure followed by the State was so fundamentally unfair as to deprive him of due process of law.

Appellant also alleges that the trial court was without jurisdiction because an indictment for attempted armed robbery was never returned by the grand jury. The facts fail to support these allegations.

The charges in this case were entered on printed forms. The charge of assault and battery with intent to kill was entered on a one-page printed form on the back of which was printed: "Indictment for assault and battery with intent to kill." The charge of attempted armed robbery was entered on a one-page printed form on the back of which was printed: "Indictment for armed robbery, robbery and grand larceny." Each printed form, if presented separately, would have charged the offense indicated without reference to the other. The two forms or pages were, however, stapled together, with the page charging attmepted armed robbery on top and that charging assault and battery on the bottom or back. The pages, when stapled together as one indictment, set forth two counts, although the pages or counts were both designated "count one". Therefore, the outside or back of the two-page indictment was the page or form charging assault and battery. This outside page was endorsed with the words "True Bill" and the signature of the foreman of the grand jury. The back of the page containing the attempted armed robbery charge bears no endorsement or separate indication of grand jury action.

We think the record amply sustains the conclusion that the present indictment consisted of two counts, each on separate pages, with the pages stapled together and the action of the grand jury endorsed on the back of the last page in

the place indicated for that purpose. This procedure was proper. 42 C. J. S. Indictments and Informations § 35.

The present indictment was presented to the grand jury and returned by it as a two-count indictment charging two crimes arising out of the same circumstances. It vested jurisdiction of the case in the trial court.

The next assignment of error concerns the ruling of the trial judge requiring the appellant to present his evidence first in a suppression hearing on the admissibility of a purported confession.

At the beginning of the trial, appellant's counsel objected "to any statement allegedly obtained from the defendant" and stated that "of course the State has the burden to show that these statements, if any, if they intend to present any, were legally obtained." The solicitor verified that the State intended to use a statement of appellant and the trial judge then ruled:

. . . until and unless a defendant makes a prima facie showing, the State is not required to proceed. Once you make a prima facie showing, then the burden shifts over to the State to show that the statements were obtained.

The actual hearing to suppress the alleged statement of appellant was held several hours later. Immediately prior to the hearing, appellant's counsel asked that the State be required to present its evidence first. This request was denied and appellant then testified subject to his objection to the requirement that he first present a prima facie showing before the State was required to show that the alleged statement was lawfully obtained.

There can be no doubt that the burden of proof was upon the State to establish that the alleged confession was made and that it was voluntarily given. *State v. Curley,* 253 S. C. 513, 171 S. E. (2d) 699.

If the alleged confession had been offered during trial and objection had been entered by appellant, it would have been incumbent upon the State to first produce

evidence as to its admissibility. The present situation is no different. The State asserted that it intended to offer the alleged confession in evidence at the trial. Appellant announced objection to the evidence and the trial judge had a pretrial hearing to determine its admissibility. Where the issue of the admissibility of a confession involves an evidentiary hearing, there is no reason to place the burden of first producing evidence on the State, if the hearing be held during the trial, but on the defendant, if the hearing be held before trial. We are of the opinion that the trial judge was in error in requiring the appellant to present his evidence first.

However, the requirement that appellant first offer some evidence at the suppression hearing to sustain his objection to the admissibility of the confession was without prejudice in this case. Appellant's arguments, that prejudice resulted from the procedure adopted because it permitted the State an opportunity "to discover appellant's substantive contentions concerning key issues in the trial ahead and also allowed the Solicitor to better prepare for later cross-examination of appellant," are without merit. This is true for at least two reasons: First, there was no danger that the State would obtain the advantage of discovering appellant's contentions concerning voluntariness as he denied making any statement; and, second, since the State had evidence of the statement and its voluntariness, the presentation of this evidence first would have made it imperative that appellant testify in order to make an issue as to its admissibility, thus affording the Solicitor the same opportunity to observe appellant as a witness.

The fact that appellant was required to first offer some testimony in the suppression hearing, while a procedural error, resulted in no prejudice.

It is next contended that the trial judge committed error in permitting the Solicitor to elicit testimony from an eyewitness through leading questions. The

witness testified that he saw the appellant strike the victim on the back of the head with an iron pipe. After testifying that the victim had a pocketbook with her at the time, the witness was asked by the Solicitor: "All right, and what did the defendant do with his left hand as he hit her?" An objection to this question was sustained upon the ground that it was leading. The question was rephrased and the Solicitor was allowed to ask: "Did the defendant put his hand on the victim in this case?", to which the witness replied: "Yes, he had his hand on this shoulder, like I said, like he was reaching for her purse." Appellant argues that the last question was leading and should not have been permitted.

The question was not leading and was properly allowed. The State correctly points out that it called for a yes or no answer and suggested neither.

The court had sustained an objection to the previous question as leading and simply permitted the question to be reformed so that it was not leading. The court acted within its discretion in allowing the question to be reformed. 98 C. J. S. Witnesses § 329.

An officer testified that appellant made an oral confession and notes were made of the statement in the officer's handwriting at the time but never submitted to, nor signed by, appellant. At the trial, the officer was permitted, over objection, to refresh his memory from the previous notes made by him of the oral confession; and the Solicitor was later permitted to cross-examine appellant about the alleged confession, utilizing the notes made by the officer at the time. Appellant asserts that it was error to permit use of the officer's notes in cross-examination because no copy of the notes or transcription concerning the confession was furnished to him as required by Section 19-1-80 of the 1976 Code of Laws.

Pertinent here, Section 19-1-80 provides that no witness shall be cross-examined concerning any "written statement"

previously made by him, unless it first be shown that at the time of making the statement the witness was given an exact copy thereof, and that before his cross-examination the witness was given a copy of the statement and allowed a reasonable time in which to read it.

The statute plainly refers to a written statement, which means a statement signed by the witness.

It is undisputed that the alleged confession in this case was oral. However, appellant argues that the officer's "allegedly contemporaneous transcript of appellant's statement"

. . . is clearly more than an oral statement, and when the Solicitor chose to cross-examine appellant directly from the written document, the statement became a "written statement" within the meaning of the statute. We disagree.

The witness did not sign the statement and denies that any such statement was made by him. It was, therefore, just what it was represented to be, i. e., the officer's written recollection of what the witness allegedly said. It was not a "written statement" contemplated by the provisions of Section 19-1-80 and its use was not precluded by that section.

One of the purposes of the statute is to permit a witness or defendant to refresh his memory relative to statements made prior to the trial. *State v. Mikell,* 257 S. C. 315, 185 S. E. (2d) 814. Although the statute is inapplicable, this purpose was substantially met when, as the record shows, the defendant heard the alleged statement read at the suppression hearing and the statement was made available to the defense before trial.

Appellant also contends that there was no evidence to sustain his conviction for attempted armed robbery. This argument is based upon appellant's contention, previously overruled, that the testimony of the eyewitness, to the effect that appellant reached for the victim's pocketbook, was elicited through leading questions and, therefore, inadmissible. This testimony, together with the

other testimony concerning the assault, amply sustains the charge for attempted armed robbery.

The exceptions also assign error in the charge to the jury relative to the crime of assault and battery. The trial judge instructed the jury as to the elements of both assault and battery with intent to kill and the lesser offense of assault and battery of a high and aggravated nature. Appellant argues that error was committed in these instructions because the trial judge permitted the jury to employ the felony-murder doctrine in determining the degree of the assault committed. We need not set forth the language of the charge in question for, assuming error in this regard, it was harmless, as a brief summary of the evidence will demonstrate.

The present charges grew out of an admitted attack by appellant on a young woman in the parking lot of the Richland Memorial Hospital. The victim was carrying a pocketbook and was walking to her car after visiting a friend at the hospital. Appellant testified in his own defense and admitted the assault but could give no reason for the act. He denied, however, any intent to kill or rob the victim. There was no plea of insanity but appellant testified that he had been drinking beer and wine.

The victim was struck with an iron pipe from the rear by appellant and knocked to the ground. She was hospitalized for four (4) days and subsequently had to leave college from dizziness and nausea, as a result of the injuries received in the assault.

It is an admitted fact that appellant, approaching from the rear, deliberately committed an unprovoked assault with a deadly weapon upon the unsuspecting victim, a young woman, while she was peacefully walking to her car from the hospital where she had been visiting a friend. If the victim had died, the crime would undoubtedly have been murder. Since she survived the assault the crime was clearly assault and battery with intent to kill; and a jury could have reached

no other rational conclusion. *State v. Du Rant,* 87 S. C. 532, 70 S. E. 306.

There was no fact or circumstance which could have reduced the offense from assault and battery with intent to kill to that of assault and battery of a high and aggravated nature. Appellant deliberately struck the victim from the rear with a deadly weapon, and he offers no excuse or justification for the wanton act, except his statement that he did not intend to kill. The latter statement alone cannot, under these facts, excuse or mitigate the criminal intent which his unlawful voluntary acts, knowingly performed, show existed.

The record conclusively establishes that the offense was committed with malice and with intent to kill. Therefore, appellant could not have been prejudiced by the claimed error in the charge.

It is further alleged that the trial judge's charges to the jury on reasonable doubt and the defense of intoxication were erroneous.

The instructions clearly set forth the standard of proof required to establish guilt and we find no merit in the argument that these instructions were reasonably susceptible of the interpretation that the State was not required to prove the charges beyond a reasonable doubt.

Neither did prejudicial error result from the instructions relative to intoxication as a defense. The trial judge charged the jury:

Voluntary drunkenness . . . is not a defense to a crime . . . The exception to this rule is that in those instances when a specific intent is necessary . . . the defendant's drunkenness or loss of control of physical and mental powers may be shown as a defense. The test is, was the defendant *at the time* in such a diseased state of mind that he did not have the faculty of determining right from wrong, nor was he intoxicated or under the influence of the substance, but was the effect on his mind, after having indulged, and indulged

to such an extent as to weaken and impair his mind, to such an extent that he did not have enough brain matter left to distinguish the difference from right and wrong. (Emphasis added.)

Appellant does not contend that his intoxication had so diseased his mind as to make him legally insane under the M'Naghten Rule, but rather that the jury should have been instructed that his intoxication was evidence to be considered in determining whether he possessed the specific intent to kill and that, if his intoxication was so great as to preclude the possibility of his forming any specific intent, such intoxication would constitute a complete defense.

Since insanity was not interposed as a defense, we agree with appellant that the instructions relative thereto were irrelevant and should not have been given. The rule in this State on the effect of a plea of voluntary intoxication was recently set forth as follows in *State v. Vaughn*, S. C., 232 S. E. (2d) 328: ". . . voluntary intoxication, where it has not produced permanent insanity is never an excuse for or a defense to crime, regardless of whether the intent involved be general or specific."

While the instructions relative to insanity were irrelevant, they could not have been prejudicial since the plea of voluntary drunkenness was no defense and there was no claim of insanity.

Appellant's final assignment of error is that the sentence of eighteen (18) years for attempted armed robbery was excessive under the circumstances. There is no merit in the contention. The sentence was within legal limits and will not be disturbed on appeal in the absence of a showing of partiality, oppression or corrupt motives, none of which appear in this case. *State v. Dozier*, 263 S. C. 267, 210 S. E. (2d) 225.

At the time of sentence the trial judge made the statement that he was imposing a sentence of eight (8) years for

assault and battery with intent to kill "based on it being assault and battery of a high and aggravated nature." Appellant now argues that the trial judge imposed the greater sentence of eighteen (18) years on the armed robbery charge and the lesser sentence of eight (8) years for the offense of assault and battery, as if it were an aggravated assault instead of with intent to kill, because he realized that he had committed error in the instructions to the jury relative to assault and battery and desired to render such error harmless, but compensated for such leniency by imposing an inordinately long sentence for attempted armed robbery. The conclusive answer to this contention is that it is completely without support in the record.

Judgment affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.