2414

The STATE, Respondent v. Willie Earl PILGRIM, Appellant.

(465 S.E. (2d) 108)

Court of Appeals

*Assistant Appellant Defender Robert M. Dudek, South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Chief Deputy Attorney General Donald J. Zelenka,* and *Deputy Attorney General Salley W. Elliott,* Columbia; and *Solicitor Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Oct. 3, 1995.

Filed Nov. 6, 1995; Reh. Den. Dec. 21, 1995.

HOWELL, Chief Judge:

Willie Earl Pilgrim appeals from his conviction for assault and battery with intent to kill. We reverse and remand for a new trial.

## I.

On the evening of October 21, 1991, Marion Douglas Smith was attacked in the parking lot of a grocery store while he was placing his groceries in his car. Smith was hit with a hard object approximately five times, with at least two of the blows striking him in the face. Smith never saw his attacker and did not know why he had been attacked. After the attack, Smith had three limbs in casts and spent one week in the hospital.

Smith had only partial use of his hands at the time of the trial.

The only evidence linking Pilgrim to the crime was the testimony of two eyewitnesses, who did not come forward until approximately ten days after the attack. At trial, one of the witnesses attempted to retract his statement identifying Pilgrim as the assailant. Pilgrim presented an alibi defense.

The trial court instructed the jury on assault and battery with intent to kill (ABIK) and the lesser included offense of assault and battery of a high and aggravated nature (ABHAN). The jury convicted Pilgrim of assault and battery with intent to kill, and the trial court sentenced him to fifteen years.

## II.

The sole issue on appeal is whether the trial court erred in its instructions to the jury. The trial court instructed the jury that Pilgrim was guilty of ABIK if the jury was satisfied that he would have been guilty of murder had the victim died from the injuries inflicted, and that Pilgrim was guilty of murder had the victim died from the injuries inflicted, and that Pilgrim was guilty of ABHAN if the jury was satisfied that he would have been guilty of voluntary manslaughter if the victim had died. The trial court then instructed the jury, to a limited extent, on the law of murder and manslaughter. Pilgrim contends that while the analogy between ABIK and murder is appropriate, the analogy between ABHAN and manslaughter is confusing and misleading, and effectively adds an element to the crime of ABHAN. We agree.

Assault and battery with intent to kill is often defined by comparing it to murder. *See State v. Jones*, 133 S.C. 167, 130 S.E. 747 (1925). Murder is "the killing of any person with malice aforethought, either express or implied." S.C. Code Ann. § 16-30-10 (1985). Thus, ABIK is typically defined as "an unlawful act of violent nature to the person of another with malice aforethought, either express of implied." *State v. Hinson*, 253 S.C. 607, 611, 172 S.E. (2d) 548, 550 (1970). However, in addition to these elements, ABIK also requires the presence of specific intent to kill. *See State v. Scott*, 269 S.C. 438, 237 S.E. (2d) 886 (1977) (affirming ABIK conviction where the record conclusively established the offense was

committed with malice and with intent to kill); *State v. Self,* 225 S.C. 267, 270, 82 S.E. (2d) 63, 64 (1954) ("Where one is charged with the crime of assault and battery with intent to kill the gist of the offense is the intent, though there must also be some action in the direction of such an intent and the agency used to effect the intent may or may not be sufficient for the purpose."); *Jones,* 133 S.C. at 179-80, 130 S.E. at 751 (to support ABIK charge,[1] there must be the intent to kill accompanied by malice); *State v. Hilton,* 284 S.C. 245, 248, 325 S.E. (2d) 575, 576 (Ct. App. 1985) ("Assault and battery with intent to kill requires a finding of a specific intent to kill.").[2]

Assault and battery of a high and aggravated nature is the unlawful act of violent injury to another accompanied by circumstances of aggravation such as the infliction of serious bodily injury, great disparity in the physical conditions of the parties, or the purposeful infliction of shame and disgrace. *State v. Foxworth,* 269 S.C. 496, 238 S.E. (2d) 172 (1977); *State v. Small,* 307 S.C. 92, 413 S.E. (2d) 870 (Ct. App. 1992). ABHAN is often compared to voluntary manslaughter, with the jury being instructed that the defendant is guilty of ABHAN if he would have been guilty of voluntary man-slaughter had the victim died from his injuries. Manslaughter is defined as the unlawful killing of another without malice, express or implied. *See* S.E. Code Ann. § 16-3-50 (Supp. 1994). Voluntary manslaughter is generally described as the unlawful killing of a human being in sudden

---

[1] The Court in *State v. Jones* was actually considering a charge of 'assault and battery with intent to kill and murder,' which it described as a more serious offense than assault and battery with intent to kill. As described in *Jones,* 'assault and battery with intent to kill and murder' is a crime that would support a charge of murder had the victim died, while assault and battery with intent to kill would support a charge of manslaughter had the victim died. *Jones,* 133 S.C. at 181, 130 S.E. at 752. However, this distinction appears to have been lost, with more recent cases using the two labels to refer to the same offense. *See State v. Hill,* 254 S.C. 321, 175 S.E. (2d) 227 (1970). What the *Jones* court would have described as 'assault and battery with intent to kill and murder' is now generally referred to as assault and battery with intent to kill, while assault and battery with intent to kill under *Jones* would now be characterized as assault and battery of a high and aggravated nature.

[2] We are aware that the definition of ABIK used in *Hinson* suggests that intent to kill is not an element of ABIK. However, *Hinson* did not even refer to *Jones,* and we do not believe the Court in *Hinson* intended to overrule the long-established rule articulated in *Jones* that ABIK requires the presence of malice and a specific intent to kill. Moreover, *Hilton* and *Scott* were both decided after *Hinson,* and reaffirmed the intent to kill requirement.

heat of passion upon sufficient legal provocation. *See, e.g.,* *State v. Lowry,* 315 S.C. 396, 434 S.E. (2d) 272 (1993).

In this case, the trial court charged the jury as follows:

> [T]he most serious form of assault and battery is that the intent to kill, and that is defined as an unlawful act of violent injury to the person of another accompanied with malice aforethought and a specific intent to kill.
>
> Assault and battery with intent to kill contains all of the elements of murder except that the actual death of the person does not occur. So before the defendant may be convicted of assault and battery with intent to kill, you must be satisfied beyond a reasonable doubt that if the victim or the person assaulted had died as a result of those injuries sustained then the defendant would have been guilty of the crime of murder.
>
> So in order for you to more fully understand assault and battery with intent to kill, it's necessary that I charge you to a limited extent of the offense of the crime of murder.
>
> Now, murder is the killing of a human being with malice aforethought either expressed or implied. Malice is an essential element of the crime of murder. Malice is a term of art. It's a technical term importing wickedness and excluding just cause or legal excuse. Malice must be aforethought. Malice must exist in the mind of the accused just before and at the time of the commission of the act.
>
> \*         \*         \*         \*         \*
>
> Now, assault and battery of a high and aggravated nature, as I have defined it for you, is the unlawful act of violent injury to the person of another accompanied by circumstances of aggravation. Some examples of circumstances of aggravation are the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, a difference in sexes or a disparity in the ages or physical conditions of the parties.
>
> Now, assault and battery of a high and aggravated nature contains all of the elements of manslaughter except the actual death of the person assaulted does not occur. Before the defendant could be found guilty and convicted of assault and battery of a high and aggravated nature, you must be satisfied beyond a reasonable doubt that if

the person assaulted had died as a result of the injuries sustained the defendant would have been guilty of the crime of voluntary manslaughter.

In order for you to fully understand assault and battery of a high and aggravated nature, I will therefore·charge you to a limited degree the law of manslaughter. Voluntary manslaughter is the unlawful killing of a human being without malice either expressed or implied or inferred. The distinction between murder and manslaughter is the presence of malice in murder and the absence of malice in manslaughter.

Voluntary manslaughter is defined as the killing of a human being in sudden heat of passion upon a sufficient legal provocation as would be calculated to sway the reason of an ordinary person causing him to become enraged and act upon an impulse rather than cool reflection, thus eliminating the element of malice.

Now, before the defendant could be found guilty of assault and battery of a high and aggravated nature, the jury must be satisfied beyond a reasonable doubt that if the person assaulted had died as a result of the injury sustained the defendant would have been guilty of manslaughter as I have defined it for you.

If you should conclude that the state has failed to satisfy you beyond a reasonable doubt that the defendant would have been guilty of manslaughter had the person assaulted died as a result to that injury, then the defendant would not be guilty of assault and battery of a high and aggravated nature, and, of course, your verdict would be not guilty in that respect.

The trial court specifically instructed the jury that it could convict Pilgrim of ABHAN only if Pilgrim would have been guilty of manslaughter had the victim died. Because the court instructed the jury that manslaughter exists only when the defendant acted upon sufficient legal provocation, the instructions had the effect of including absence of malice or sufficient provocation as an element of aggravated assault.

The difference between manslaughter and murder is the absence of malice in the former and the presence of malice in the latter. *See* William S. McAninch & W. Gaston Fairey, *The Criminal Law of South Carolina* 149 (2d ed.

1989). However, the question presented by this case is whether this is also the distinction between ABIK and ABHAN; that is, whether the *absence* of malice is an element of an aggravated assault and battery.

An examination of the definition and elements of aggravated assault and battery makes clear that absence of malice is not an element. Assault and battery of a high and aggravated nature is the unlawful act of violent injury to another accompanied by circumstances of aggravation. Circumstances of aggravation include the use of a deadly weapon, infliction of serious bodily injury, the intent to commit a felony, and the purposeful infliction of shame and disgrace. *State v. Jones*, 133 S.C. at 181, 130 S.E. at 751. However, many of these aggravating circumstances have been sufficient to support a finding of malice in murder cases. *See, e.g.*, *State v. Johnson*, 291 S.C. 127, 352 S.E. (2d) 480 (1987) (malice is the wrongful intent to injure another); *State v. Crocker*, 272 S.C. 344 251 S.E. (2d) 764 (1979) (use of a deadly weapon gives rise to a permissive inference of malice). Because the circumstances that make an assault and battery aggravated can also give rise to an inference of malice, the presence of malice does not prevent an assault and battery from being classified as aggravated. Thus, because the trial court's instructions required a finding that Pilgrim acted upon sufficient legal provocation before the jury could find Pilgrim guilty of ABHAN, they were incorrect. Moreover, under the evidence presented at trial, the attack on Smith could not have been provoked. The error in the instruction, therefore, effectively prevented the jury from considering the lesser included offense.[3]

We recognize that the charge given by the trial court in this case was a standard charge, and that the practice of comparing ABIK to murder and ABHAN to man-

---

[3] The State contends that because the assault was committed with malice and intent to kill, Pilgrim was not entitled to the ABHAN charge, thus any error in the ABHAN instruction was harmless. We disagree. While the evidence in this case may give rise to an inference the attack was committed with malice and intent to kill, the inference is a permissive one which the jury is free to accept or reject. *State v. Crocker*, 272 S.C. 344, 251 S.E (2d) 764 (1979); *State v. Self*, 225 S.C. 267, 82 S.E. (2d) 63 (1954) (where the evidence established the victim was struck from behind with an object that resembled a blackjack and that $250 was stolen from the victim, the defendant was entitled to a charge of ABHAN as a lesser included offense of ABIK). Because Pilgrim was entitled to an ABHAN charge, the trial court's error in the charge cannot be considered harmless.

slaughter is well established. *State v. Jones,* 133 S.C. 167, 130 S.E. 747 (1925). Nonetheless, while use of the ABIK/murder analogy may generally be appropriate, use of the ABHAN/-manslaughter analogy results in an incorrect charge on the law of aggravated assault. In cases where malice is truly the only issue to be resolved by the jury when considering charges of ABIK and ABHAN, the ABHAN/manslaughter analogy may not be prejudicial, even though it has the effect of including absence of malice as an element of aggravated assault. However, in cases such as this one, where intent to kill is also at issue, the ABHAN/manslaughter analogy is prejudicial. We therefore recommend the ABHAN/analogy be avoided; the jury should simply be instructed on the definition of ABHAN without reference to manslaughter. ABHAN is a well-defined crime, and its elements are easily understandable. Charging the jury on ABHAN alone should be less confusing to the jury than the current practice of charging ABHAN by way of manslaughter.

Because the trial court's ABHAN charge was incorrect, and effectively took from the jury the option to convict Pilgrim on the lesser offense, Pilgrim is entitled to a new trial. *See, e.g., State v. Adams,* 291 S.C. 132, 352 S.E. (2d) 483 (1987) (where error in instruction on lesser included offense cannot be considered harmless, the defendant is entitled to a new trial). Accordingly, for the foregoing reasons, Pilgrim's conviction is hereby reversed, and the case is remanded for a new trial.

Reversed and remanded.

SHAW and CONNOR, JJ., concur.