482 S.E.2d 562

**The STATE, Petitioner,**

v.

**Willie Earl PILGRIM, Respondent.**

**No. 24585.**

Supreme Court of South Carolina.

Heard Jan. 8, 1997.

Decided March 3, 1997.

Attorney General Charles Molony Condon, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr., and Deputy Attorney General Salley W. Elliott, Columbia; and Solicitor Holman C. Gossett, Jr., Spartanburg, for petitioner.

Assistant Appellate Defender Robert M. Dudek, South Office of Appellate Defense, for respondent.

MOORE, Justice:

We granted the State's petition for a writ of certiorari to review the Court of Appeals' decision in *State v. Pilgrim,* 320 S.C. 409, 465 S.E.2d 108 (Ct.App.1995). We affirm as modified.

## FACTS

Respondent Willie Earl Pilgrim was convicted of assault and battery with intent to kill (ABIK) and sentenced to fifteen years. On October 21, 1991, sixty-two-year-old Marion Douglas Smith (Victim) was assaulted as he was putting groceries into his car. The victim testified he was struck five times by a blunt object. He sustained several broken bones and was hospitalized for a week following the incident.

The trial judge instructed the jury on ABIK and assault and battery of a high an aggravated nature (ABHAN) and equated these two offenses with murder and voluntary manslaughter, respectively. Respondent objected to the charge on the ground that equating ABHAN to voluntary manslaughter added an element to ABHAN: sudden heat and passion upon sufficient legal provocation. The trial judge did not change his instructions. Respondent appealed and the Court of Appeals reversed.

## ISSUE

Did the Court of Appeals err in holding the trial judge's charge was erroneous?

## DISCUSSION

The State contends the Court of Appeals erred in holding the trial judge erred in charging ABHAN is equivalent to voluntary manslaughter if the victim had died. We disagree.

The trial judge equated murder to ABIK and voluntary manslaughter to ABHAN. Respondent objected on the

ground that by defining ABHAN as voluntary manslaughter when the victim does not die, adds the element of sudden heat and passion upon sufficient legal provocation (i.e. absence of malice). In this case, under the trial judge's instructions, the jury could not have returned with an ABHAN conviction because there was no evidence of provocation, or stated another way there was no evidence of an absence of malice. Absence of malice is not an element of ABHAN. Therefore, the trial judge erred in equating ABHAN to voluntary manslaughter.

■ The State then argues respondent was not entitled to an ABHAN charge and therefore any error is harmless. We disagree. The facts do not establish ABIK as a matter of law.[1] Therefore, respondent was entitled to an ABHAN charge.

■ The Court of Appeals correctly held the trial judge erred. However, we modify the decision in light of our recent decision in *State v. Foust*, 325 S.C. 12, 479 S.E.2d 50 (1996), where we held that a specific intent to kill is not an element of ABIK.[2] In its opinion, the Court of Appeals states a specific intent to kill is an element of ABIK. Accordingly, the Court of Appeals' decision is

AFFIRMED AS MODIFIED.

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

---

1. We overrule *State v. Scott*, 269 S.C. 438, 237 S.E.2d 886 (1977), to the extent it is inconsistent herewith.

2. We also take this opportunity to specifically overrule the following cases to the extent they are inconsistent with this opinion: *State v. Scott*, 269 S.C. 438, 237 S.E.2d 886 (1977); *State v. Lawrence*, 266 S.C. 423, 223 S.E.2d 856 (1976); *State v. Self*, 225 S.C. 267, 82 S.E.2d 63 (1954); *State v. Jones*, 133 S.C. 167, 130 S.E. 747 (1925); and *State v. Hilton*, 284 S.C. 245, 325 S.E.2d 575 (Ct.App.1985).