**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4169

TIMOTHY DWAYNE HARDWICK, a/k/a
Timmy Hardwick, a/k/a Timothy
Dewayne Hardwick,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-94-13)

Submitted: October 28, 1997

Decided: November 13, 1997

Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Alfred W. Bethea, Jr., Assistant United States Attorney, Florence,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy Dwayne Hardwick appeals from the district court's order revoking his supervised release. Because we find the evidence sufficient to support the revocation, we affirm.

Hardwick surrendered himself to the United States Probation Office on a warrant charging him with violations of his supervised release. During his revocation hearing before the district court, Hardwick admitted certain violations but denied committing two counts of assault with a deadly weapon and one count of malicious injury to property, both Grade A violations under the Guidelines. See U.S. Sentencing Guidelines Manual § 7B1.1 (1995); State v. Pilgrim, 465 S.E.2d 108, 110 (S.C. 1995), aff'd as modified , 482 S.E. 2d 562 (S.C. 1997). The district court reviewed the transcripts of the detention hearing. The transcripts contained the eye-witness testimony of Sonny and Hazel Horn that Hardwick committed the Grade A violations and also of Melba McPhatter, the alleged victim and Hardwick's "on and off" girlfriend, that she started the fight and that Hardwick did not "do anything." Because the district court found that Hardwick had committed the Grade A violations under the Guidelines and that he had also committed numerous Grade C violations, the court revoked Hardwick's supervised release and sentenced him to twenty-four months imprisonment.

Hardwick claims that the district court abused its discretion in finding that he had committed the Grade A violations. Specifically, Hardwick contends that the district court abused its discretion by not crediting the testimony that McPhatter gave on his behalf. This court will not, however, review the court's determination of a witness's credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

2

To the extent that Hardwick is challenging the sufficiency of the evidence to support his revocation, we find that the evidence presented in this case constituted a sufficient basis upon which the district court could be reasonably satisfied that Hardwick violated the conditions of his supervised release. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 1997) (providing that violation of supervised release need only be proven by preponderance of evidence). Mr. Horn testified that he and his wife observed Hardwick strike McPhatter and that McPhatter asked them to help her because Hardwick was going to kill her. Mr. Horn further testified that he saw Hardwick chase and hit McPhatter with a knife in his hand and that he observed that Hardwick had blood on his hands. Mr. Horn further stated that Hardwick then threatened his wife and him.

We determine that the evidence was sufficient to support the district court's finding that Hardwick committed two counts of assault with a deadly weapon and one count of malicious injury to property, and thus that Hardwick violated the terms of his supervised release. See 18 U.S.C.A. § 3583(e)(3); USSG§ 7B1.1. Thus, we find that the district court did not abuse its discretion in revoking Hardwick's term of supervised release. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3