560 S.E.2d 888

The STATE, Respondent,

v.

Linda TYLER, Appellant.

No. 25423.

Supreme Court of South Carolina.

Heard Jan. 23, 2002.

Decided March 4, 2002.

Senior Assistant Appellate Defender Wanda H. Haile, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Derrick K. McFarland and Solicitor Warren B. Giese, all of Columbia, for respondent.

Justice WALLER.

Appellant Linda Tyler was convicted of murder and sentenced to life imprisonment without possibility of parole. We affirm.

## FACTS

On the morning of September 26, 1996, while riding as a passenger in a car driven by her husband Van, Tyler poured gasoline on her husband's head and used her cigarette lighter to "light him up." She did so because she had learned the day before that a next door neighbor was 2 weeks pregnant with his child. Van Tyler died the following day of third degree burns and inhalation injury. Tyler was found guilty but mentally ill (GBMI) of murder.

## ISSUES

1. Did the trial court err in refusing to charge involuntary manslaughter?

2. Did the trial court's charge on assault and battery of a high and aggravated nature (ABHAN) constitute reversible error?

## 1. INVOLUNTARY MANSLAUGHTER CHARGE

Tyler contends she was entitled to an instruction upon involuntary manslaughter. We disagree.

**■** Involuntary manslaughter is (1) the unintentional killing of another without malice, but while engaged in an unlawful activity not naturally tending to cause death or great bodily harm; or (2) the unintentional killing of another without malice, while engaged in a lawful activity with reckless disregard for the safety of others. *State v. Chatman,* 336 S.C. 149, 519 S.E.2d 100 (1999). "An unintentional killing resulting from an unlawful assault and battery, not of a character of itself to cause death, is involuntary manslaughter ..." *Id.* at 152–153, 519 S.E.2d at 101 *citing* 40 C.J.S. Homicide § 40 (1991). *See also People v. Johnson,* 100 Ill.App.2d 13, 241 N.E.2d 584 (1968) (death resulting from blow from fist may be involuntary manslaughter because although unlawful, a blow to the face with hand is not likely to be attended with dangerous or fatal consequences); *State v. Cobo,* 90 Utah 89, 60 P.2d 952 (1936) (the great weight of authority is that an unintentional killing, resulting from an unlawful assault and battery which in and of itself is not of a character to cause death, is held to constitute involuntary manslaughter).

**■** Tyler's conduct does not fit within either definition of involuntary manslaughter. It is patent that her conduct in pouring gasoline on her husband's head and igniting him was not a lawful activity. It is likewise patent that her conduct would naturally tend to cause death or great bodily injury. Accordingly, she was not entitled to an involuntary manslaughter charge.[1]

### 2. ABHAN JURY CHARGE

**■** As part of her defense, Tyler presented evidence that her husband's death may have been caused by medical malpractice when doctors improperly treated his burn injuries. In light of this evidence, the trial court instructed the jury that, in the event it found Tyler's actions did not proximately cause her husband's death, then it could consider the offenses of assault and battery with intent to kill (ABIK) and assault and battery of a high and aggravated nature ·(ABHAN).

---

1. Tyler's assertion that, due to her mental illness she was unable to form the requisite mental state for murder, is essentially an argument that the jury should have accepted her insanity defense; the jury declined to do so.

Tyler asserts that, in instructing the jury on the law of ABHAN, the trial court improperly analogized ABHAN and voluntary manslaughter, thereby mandating a reversal of her conviction.

The trial court instructed the jury as follows:

I charge you the offense of assault and battery of a high and aggravated nature is defined as an unlawful act of violent injury to the person of another accompanied by circumstances of aggravation. The use of a deadly or dangerous weapon or the infliction of serious bodily harm are recognized as circumstances of aggravation. I charge you assault and battery of a high and aggravated nature is an assault and battery committed with a deadly weapon or dangerous instrumentality without malice but in a spirit of wantonness and with a reckless disregard for the rights and safety of others.

Assault and battery of a high and aggravated nature, ladies and gentlemen, **contains all of the elements of voluntary manslaughter except the actual death of the person assaulted.** So, before a defendant could be found guilty of assault and battery of a high and aggravated nature, the jury must be satisfied beyond a reasonable doubt that if the person assaulted had died as a result of the injury inflicted upon him by the defendant, the defendant would have been guilty of voluntary manslaughter.

(Emphasis supplied).

Both this Court and the Court of Appeals have held that it is error for a trial court to give instructions which equate ABHAN with voluntary manslaughter. *State v. Fennell,* 340 S.C. 266, 531 S.E.2d 512 (2000); *State v. Pilgrim,* 320 S.C. 409, 465 S.E.2d 108 (Ct.App.1995)(*Pilgrim I*), *aff'd as modified State v. Pilgrim,* 326 S.C. 24, 482 S.E.2d 562 (1997)(*Pilgrim II*), *overruled on other grounds State v. Foust,* 325 S.C. 12, 479 S.E.2d 50(1996).

In *Pilgrim I,* the Court of Appeals noted that the difference between manslaughter and murder is the absence of malice in manslaughter and the presence of malice in murder. 320 S.C. at 414–415, 465 S.E.2d at 111, *citing* William S. McAninch & W. Gaston Fairey, *The Criminal Law of South Carolina* 149 (2d ed.1989). The court noted that the absence of malice is

not a required element of the offense of ABHAN, and the fact that a defendant acts with malice does not preclude a finding of ABHAN. Therefore, to the extent a jury instruction equates ABHAN with manslaughter, it precludes a jury from finding ABHAN if it finds the defendant acted with malice. This Court affirmed in *Pilgrim II*.[2] In *Fennell, supra,* we reiterated these holdings, noting that a defendant may be convicted of ABHAN regardless of whether malice is present.

██ Under the above authorities, it is clear the trial court's charge equating ABHAN and manslaughter was erroneous. However, we find the error harmless under the facts of this case. Immediately prior to charging the jury on ABHAN and ABIK, the trial court instructed the jury that "**if the causal link between the defendant's act and the victim's death is broken so that she may not be convicted of murder or voluntary manslaughter,**" the defendant may still be convicted of ABIK or ABHAN. (Emphasis supplied). Accordingly, ABHAN and/or ABIK were possible verdicts if, and only if, the jury concluded that Tyler's actions had not proximately caused her husband's death. The jury did not find such a break in the causal chain and, instead, convicted Tyler of murder.[3]

Accordingly, we find any choice the jury had in the present case between manslaughter and ABHAN was not premised upon malice or the absence thereof, but upon whether it found Tyler's actions had proximately resulted in her husband's death. Given that the possibility of an ABHAN or ABIK verdict was not premised upon malice or a lack thereof, but upon the proximate cause of the victim's death, we find the erroneous ABHAN charge did not contribute to the jury's verdict, such that any error was harmless. *See State v. Jefferies,* 316 S.C. 13, 446 S.E.2d 427 (1994) (erroneous jury

---

**2.** *Pilgrim I* was modified to the extent the Court of Appeals had held a specific intent was required for ABIK.

**3.** Had the jury found a break in the causal chain, it would have been faced with two alternatives, either ABIK or ABHAN. If the jury misinterpreted the trial court's instructions as requiring an absence of malice to convict of ABHAN, and if it indeed found malice, then its verdict would have been ABIK and not murder.

charge which does not contribute to jury's verdict is harmless).

Tyler's remaining issues are affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Rochester*, 301 S.C. 196, 391 S.E.2d 244 (1990)(State must prove a voluntary waiver of the defendant's *Miranda* rights by a preponderance of the evidence); *State v. Hughes*, 336 S.C. 585, 521 S.E.2d 500 (1999)(defendant's mental condition in and of itself does not render a statement involuntary in violation of due process; absent coercive police conduct causally related to a confession, there is no basis for finding a confession constitutionally involuntary); *State v. Burriss*, 334 S.C. 256, 513 S.E.2d 104 (1999) (burden on State to prove unlawful act in which the accused was engaged was proximate cause of the homicide); *State v. McHoney*, 344 S.C. 85, 544 S.E.2d 30 (2001) (defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged); *State v. Nance*, 320 S.C. 501, 466 S.E.2d 349, *cert. denied*, 518 U.S. 1026, 116 S.Ct. 2566, 135 L.Ed.2d 1083 (1996)(trial court's determination of competency will be upheld if it has evidentiary support and is not against the preponderance of the evidence).

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.