567 S.E.2d 847

**Douglas J. HILL, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25499.**

Supreme Court of South Carolina.

Submitted April 17, 2002.

Decided July 22, 2002.

Rehearing Denied Aug. 20, 2002.

466

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., Assistant Attorney General William Bryan Dukes, all of Columbia, for petitioner.

Assistant Appellate Defender Tara S. Taggart of South Carolina Office of Appellate Defense, of Columbia, for respondent.

Chief Justice TOAL.

Douglas J. Hill ("Hill") filed a petition for post-conviction relief ("PCR") from his conviction for assault and battery with intent to kill ("ABIK"). The PCR court granted his petition for relief, and the State appeals.

### FACTUAL/PROCEDURAL BACKGROUND

Hill was indicted for ABIK on November 28, 1995, for attacking his pregnant girlfriend, Sheila Ann Gilliam ("victim"). The victim was stabbed 12 to 14 times in different places all over her body. The treating surgeon testified at trial that the victim lost between 1,000 and 2,000 cubic centimeters of blood from the lacerations, and that her condition was life-threatening when he first examined her at the hospital. The victim was in surgery for several hours to have all of the wounds irrigated and repaired.

The victim testified an altercation began after she told Hill their relationship was over. According to her testimony, Hill

told her, "[w]ell, since we [sic] through then I might as well kill you." Several witnesses to the attack also testified at trial. One pair of witnesses reported seeing Hill and the victim in a heated verbal argument outside of a convenience store in Fountain Inn, South Carolina that turned physical when Hill began hitting the victim in the face and elsewhere on her body. The same witness testified that the victim eventually fell down, and Hill sat on top of her to pin her to the ground and then began stabbing her with a small knife.

The attack continued until another witness, after calling the police, intervened, first, by yelling at the attacker to put the knife down and, then, when he did not comply, by kicking him in the head, apparently knocking him unconscious. A police officer testified that Hill was lying unconscious in the parking lot of the convenience store when he arrived at the scene. Hill testified that he did not remember fighting with the victim or stabbing her, but remembered someone hitting him in the head and waking up later in the hospital.

Hill was tried and convicted of ABIK and sentenced to life imprisonment without possibility of parole pursuant to S.C.Code Ann. § 17–25–45(a)(1), based on a prior rape conviction and a prior conviction for aggravated assault and battery.[1] Hill appealed his conviction and the Court of Appeals affirmed the conviction and sentence. *State v. Hill*, Op. No. 98–UP–009 (Ct.App. filed January 8, 1998). Hill filed an application for PCR and an evidentiary hearing was held on December 14, 1999. At the hearing, Hill amended his PCR application to include an allegation of ineffective assistance of counsel based on his trial counsel's failure to object to the jury charge given by the trial judge on assault and battery of a high and aggravated nature ("ABHAN"), a lesser included offense of ABIK. The PCR court found the ABHAN jury instruction was

---

1. S.C.Code Ann. § 17–25–45 (Supp.1995) provides:

    any person who has three convictions under the laws of this State, any other state, or the United States, for a violent crime as defined in § 16–1–60 except a crime for which a sentence of death has been imposed shall, upon the third conviction in this State for such crime, be sentenced to life imprisonment without parole.

    This statute was amended in 1995, but the amendment applied prospectively to crimes committed on or after the amendment's effective date of January 1, 1996, and so does not apply in this case. 1995 Act No. 83, by § 62.

erroneous and that Hill's counsel was ineffective for failing to object to it. The PCR court granted Hill's petition for relief on that basis.

The State appeals the following issue:

Did Hill's trial counsel render ineffective assistance by failing to object to the ABHAN jury instruction and, if so, was Hill prejudiced by his counsel's ineffective assistance?

## LAW/ANALYSIS

The State argues the PCR court erred by holding Hill's trial counsel was ineffective for failing to object to the trial judge's ABHAN jury instruction. We disagree.

■ For a petitioner to be granted PCR as a result of ineffective assistance of counsel, he must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced by that ineffective assistance, meaning, but for counsel's errors there is a reasonable probability the result at trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court will uphold the findings of the PCR court if they are supported by any evidence. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989).

### A. Objective Standard of Reasonableness

At trial, the trial judge charged the jury on ABHAN as a lesser included offense of ABIK, in part, as follows:

Ladies and Gentlemen, assault and battery of a high and aggravated nature is attended by aggravating circumstances such as the use of a deadly weapon, the infliction of serious bodily harm or a great disparity between the ages or physical condition of the parties involved. Now I told you earlier, this is a degree higher than simple assault. It usually occurs by the use of some weapon. An assault and battery, however, might be so aggravated where no weapon is used as to amount to aggravated assault and battery. If a person seriously or violently injures another *without malice or legal excuse but in sudden heat and [sic] passion with sufficient legal provocation* that would constitute assault and battery of a high and aggravated nature. . . .

Hill argues this charge erroneously instructed the jury that the absence of malice (or, conversely, the presence of sufficient provocation) was an element of ABHAN. We agree the charge was erroneous.

Four months before Hill's trial, the Court of Appeals held that absence of malice was not an element of ABHAN, and found a charge including absence of malice as an element of ABHAN to be erroneous. *State v. Pilgrim*, 320 S.C. 409, 465 S.E.2d 108 (Ct.App.1995) ("Pilgrim I"). After Hill's trial and ABIK conviction, this Court granted certiorari to review *Pilgrim I*. This Court affirmed the Court of Appeals, stating explicitly that absence of malice is not an element of ABHAN. *State v. Pilgrim*, 326 S.C. 24, 482 S.E.2d 562 (1997) ("Pilgrim II").[2] In *Pilgrim II*, this Court explained, "In this case, under the trial judge's instruction, the jury could not have returned with an ABHAN conviction because there was no evidence of provocation, or stated another way there was no evidence of absence of malice. Absence of malice is not an element of ABHAN." *Id.* at 27, 482 S.E.2d at 563.

There is no question that an ABHAN charge, like the one given in this case, including absence of malice or legal provocation as an element would be erroneous if given after this Court's decision in *Pilgrim II*. The State argues, however,

---

2. In *Pilgrim*, the trial court charged the jury on ABIK and ABHAN by analogizing those offenses to murder and voluntary manslaughter respectively. The defendant objected that defining ABHAN as voluntary manslaughter when the victim does not die, "adds the element of sudden heat of passion upon sufficient legal provocation (i.e., absence of malice)." *Pilgrim II*, at 27, 482 S.E.2d at 563. The *Pilgrim* trial court gave the following charge, in pertinent part:

Voluntary manslaughter is defined as the killing of a human being *in sudden heat of passion upon sufficient legal provocation* as would be calculated to sway the reason of an ordinary person causing him to become enraged and act upon an impulse rather than cool reflection, *thus eliminating the element of actual malice.* Now, before the defendant could be found guilty of assault and battery of a high and aggravated nature, the jury must be satisfied beyond a reasonable doubt that if the person assaulted died as a result of the injury sustained the defendant would have been guilty of manslaughter as I defined it for you.

*Pilgrim I*, 320 S.C. at 414, 465 S.E.2d at 111 (Ct.App.1995). As discussed, both the Court of Appeals and this Court agreed the charge was erroneous, and held absence of malice is not an element of ABHAN.

that the Court of Appeals' *Pilgrim I* decision was not final because it was still subject to further appeal to this Court at the time of Hill's trial. The State claims Hill's trial counsel would not have been on notice that the charge given was erroneous until this Court published its *Pilgrim II* decision, almost a year after Hill's conviction. For support, the State cites the proposition that no attorney is required to anticipate or discover changes in the law or facts which did not exist at the time of trial. *See Thornes v. State,* 310 S.C. 306, 426 S.E.2d 764 (1993) (finding counsel not ineffective for encouraging defendant to plead guilty although counsel never interviewed the victim (because he had her written statement against defendant), even though victim changed her mind by the time of the PCR hearing and testified for defendant); *Robinson v. State,* 308 S.C. 74, 417 S.E.2d 88 (1992) (finding counsel not ineffective for failing to use a defense that would not receive acceptance until several years after the trial).

In our opinion, the cases cited by the State are inapplicable in this situation. Hill was not required to *anticipate* any change in the law in order to object to the ABHAN charge given at trial; the Court of Appeals' *Pilgrim I* decision was published and readily available to trial counsel before Hill's trial began. Rule 226(c), SCACR, states that a Court of Appeals' decision is not final until the petition for rehearing has been acted upon by the Court of Appeals. The Court of Appeals denied the petition for rehearing of *Pilgrim I* on December 21, 1995, and Hill's trial did not begin until March 19, 1996. The *Pilgrim I* decision was final almost three months before Hill's trial and was binding on the trial court at the time of Hill's trial. Accordingly, the failure of Hill's counsel to object to the erroneous ABHAN jury instruction constituted representation below an objective standard of reasonableness.

### B. Prejudice

To warrant reversal and granting of a new trial under *Strickland v. Washington,* however, Hill must also show he was prejudiced by counsel's faulty representation. Hill argues that he was prejudiced by the erroneous charge because the definition of ABHAN was central to the jury's verdict, as Hill's trial strategy was based on the hope that the jury would

find him guilty of ABHAN instead of the greater offense, ABIK. We disagree.

In our opinion, Hill was not prejudiced by the erroneous ABHAN charge. In light of the overwhelming evidence presented, including (1) the eyewitness accounts naming Hill as the sole aggressor, (2) the victim's testimony, (3) the number and severity of the victim's injuries, and (4) the victim's physical state (she was seven months pregnant), we find the erroneous ABHAN charge constituted harmless error. "When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, the Court should not set aside a conviction because of insubstantial errors not affecting the result." *State v. Bailey,* 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989).

■■■ ABHAN is an unlawful act of violent injury to the person of another accompanied by circumstances of aggravation. *State v. Fennell,* 340 S.C. 266, 531 S.E.2d 512 (2000). ABIK is an unlawful act of a violent nature to the person of another with malice aforethought, either express or implied.[3] *Id.* Although the absence of malice is not an element of ABHAN, the presence of malice is a required element of ABIK. Malice is defined as a "formed purpose and design to do a wrongful act under the circumstances that exclude any legal right to do it." *Fennell,* 340 S.C. at 278, 531 S.E.2d at 518.

In this case, the victim testified that Hill told her he was going to kill her. All eyewitnesses testified that Hill pinned the victim on the ground and repeatedly stabbed her despite her profuse bleeding, her cries for help, her attempts to get away from him, and the presence of numerous witnesses. Hill ceased attacking her only when he was knocked unconscious by an eyewitness. There is no evidence to indicate Hill intended anything but to kill the victim, or that he had any legal excuse to do so. In light of the evidence presented, there is no reasonable probability that the jury would have convicted Hill of ABHAN, a lesser included offense of ABIK (for which Hill was indicted), even if the judge had given the correct ABHAN charge. Hill's guilt of ABIK was so conclu-

---

3. As noted in *Pilgrim II,* specific intent to kill is not an element of ABIK.

sively proven at trial that there is no reasonable probability that the trial judge's faulty ABHAN instruction would have affected the result. As such, counsel's failure to object to the erroneous instruction does not warrant a new trial. *See State v. Bailey.*

Under these circumstances, Hill has not met his burden of proving prejudice, as required by *Strickland v. Washington.* Accordingly, the PCR court erred by granting Hill's application for PCR.

## Conclusion

For the foregoing reasons, we **REVERSE** the PCR court's order granting Hill a new trial.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.