THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Alan J. Dalrymple,       
Appellant.
 
 
 

Appeal From Florence County
James E. Brogdon, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-425
Submitted June 8, 2004  Filed June 
 30, 2004

AFFIRMED

 
 
 
Henry Morris Anderson, Jr., of Florence, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Deborah R.J. Shupe, all of Columbia; and Solicitor 
 Edgar Lewis Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM:  Alan J. Dalrymple was convicted 
 of assault and battery with intent to kill (ABIK) and possession of a knife 
 during the commission of a violent crime.  He appeals, arguing the trial court 
 erred in refusing to charge defense of others to the jury and failing to direct 
 a verdict on the ABIK charge.  We affirm 
 [1] pursuant to Rule 220(b)(2), SCACR and the following authorities.  As 
 to Issue I:  State v. Crosby, 355 S.C. 47, 51, 584 S.E.2d 110, 112 (2003) 
 (The law to be charged must be determined from the evidence presented at trial.); 
 State v. Starnes, 340 S.C. 312, 322-23, 531 S.E.2d 907, 913 (2000) (Under 
 the theory of defense of others, one is not guilty of taking the life of an 
 assailant who assaults a friend, relative, or bystander if that friend, relative, 
 or bystander would likewise have the right to take the life of the assailant 
 in self-defense.); State v. Day, 341 S.C. 410, 416, 535 S.E.2d 431, 
 434 (2000) (holding self-defense is established where the evidence shows the defendant (1) the defendant was without 
 fault in bringing on the difficulty, (2) the defendant was in imminent danger of losing 
 his life or sustaining serious bodily injury or reasonably believed he was in 
 such danger, that (3) if based on a belief of imminent danger, an ordinary reasonable 
 person in his the defendants position would strike the fatal 
 blow, and (43) 
 the defendant had 
 no means of avoiding the danger).  As to Issue II:  State v. Lindsey, 
 355 S.C. 15, 20, 583 S.E.2d 740, 742 (2003) (holding on appeal from the denial 
 of a directed verdict the court must view the evidence in the light most favorable 
 to the State); State v. McKnight, 352 S.C. 635, 642, 576 S.E.2d 168, 
 172 (2003) (If there 
 is any direct evidence or substantial circumstantial evidence reasonably tending 
 to prove the guilt of the accused, we must find the case was properly submitted 
 to the jury.), cert. 
 denied, 124 S. Ct. 101 (2003); Hill v. State, 350 S.C. 465, 
 472, 567 S.E.2d 847, 851 (2002) (ABIK is an unlawful act of a violent nature 
 to the person of another with malice aforethought, either express or implied.); 
 State v. Wilds, 355 S.C. 2697, 276, 584 S.E.2d 138, 141-42 (Ct. App. 2003) 
 (defining malice as the wrongful intent to injure another indicating a depraved 
 spirit intent on doing wrong); State v. Ballington, 346 S.C. 262, 
 272, 551 S.E.2d 280, 285 (Ct. App. 2001) (holding malice may be implied by use 
 of a deadly weapon).
AFFIRMED.  
HEARN, C.J., STILWELL, J., and
CURETON, A.J., 
 concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.